■ In the Matter of the Arbitration between JAMES G. BUGLIONE et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order and judgment entered on September 18, 1968, denying application of petitioner, MVAIC, for a stay of arbitration, unanimously affirmed,

with $30 costs and disbursements to claimants-respondents. The only question raised by petitioner-appellant on this appeal lacks merit. Although the vehicle, registered in North Carolina and involved in the accident, which occurred in this State, carried liability insurance in accordance with the minimum limits ($5,000 and $10,000) required in the State of its registration, there was a failure, as to such vehicle, to maintain the financial security as required by the laws of this State (liability insurance of $10,000 and $20,000 — Vehicle and Traffic Law, § 311). Bearing in mind the policy underlying the Motor Vehicle Accident Indemnification Corporation Law and reading the statute as a whole, we conclude, as did Special Term, that the North Carolina vehicle should be deemed an "uninsured motor vehicle" and the owner thereof is to be deemed a "financially irresponsible motorist" for the purposes of and in the application of said law. (Cf. *Matter of Travis [Gen. Acc. Group]*, 31 A D 2d 20; *Matter of Taub [MVAIC]*, 31 A D 2d 378.) This determination follows as a matter of law and there being no issue of fact requiring a hearing, Special Term properly denied petitioner's application for a stay of arbitration. (See *Matter of Travis [Gen. Acc. Group]*, supra, p. 22.) Concur — Stevens, P. J., Eager, McGivern, Nunez and McNally, JJ.