■ DOMINICK A. MANFREDO, Appellant, v CENTENNIAL INSURANCE COMPANY, Respondent. Memorandum: Special Term properly dismissed plaintiff's complaint seeking recovery under the underinsured motorists indorsement of his automobile liability insurance policy.

As the result of a two-car collision, plaintiff, a passenger in one of the automobiles, the driver of that automobile, and another passenger sustained personal injuries. All three obtained judgments against the driver of the other automobile. Plaintiff's judgment was in the amount of $30,000, the driver's, $24,000, and the other passenger's, $40,000. The limits for bodily injury liability of the insurance policy issued to the other driver were $25,000 for each person and $50,000 for each occurrence.

Unable, because of the multiple recoveries, to collect the full amount of his judgment from the insurance carrier for the other driver, plaintiff, in this action, sought recovery of the balance, $17,250, from Centennial Insurance on the underinsured motorists coverage indorsement to his automobile liability policy. The limits for bodily injury liability for that overage were the same as the limits under the policy issued to the other driver—$25,000 for each person and $50,000 for each occurrence.

On the motion of defendant, Centennial Insurance Company, Special Term dismissed the complaint for failure to state a cause of action, agreeing with defendant that, under these circumstances, the underinsured motorists indorsement does not apply. Plaintiff argues that the driver of the other automobile was an underinsured motorist because, due to the multiple recoveries, the limits of liability of the policy issued to the other driver were insufficient to satisfy plaintiff's judgment. There is no merit to plaintiff's argument.

Insurance Law § 3420 (f) (2) provides that supplementary

uninsured motorists insurance (commonly known as "underinsurance") shall provide coverage "if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provide by such policy." The underinsured motorists coverage indorsement issued by defendant defines an "underinsured motor vehicle" as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage."

The plain meaning of Insurance Law § 3420 (f) (2), and of the underinsured motorists coverage indorsement in plaintiff's policy, is that the motorist responsible for the damages is considered to be underinsured, and the coverage applies, only when the limits of liability of the policy or policies held by that motorist are "*less than* the limits of liability contained in the underinsured motorists coverage indorsement. Here, since the limits of liability of the policy held by the other motorist were not less than, but were the same as, the limits of liability provided by plaintiff's underinsured motorists coverage, the other driver is not an "underinsured motorist" and the underinsured motorist coverage does not apply. (Appeal from order of Supreme Court, Oneida County, Sullivan, J.— summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.