*157 OPINION OF THE COURT
Robert C. Williams, J.
Defendant moves for an order granting summary judgment declaring that defendant has no obligation under a policy of automobile liability insurance issued to plaintiff to provide any coverage to the plaintiff for any "underinsured motorists coverage”. Plaintiff cross-moves for an order granting summary judgment to him on the issue of liability.
On or about September 15, 1985, plaintiff was involved in an automobile accident with Gerald Van Loesch. At the time of the accident, Gerald Van Loesch was insured under a policy of insurance issued by defendant, which contained a policy limit of $10,000 for personal injuries to any one person arising out of the motor vehicle accident. Defendant agreed to pay the plaintiff the full policy limit of the aforementioned policy, to wit, $10,000.
Similarly, at the time of the accident, plaintiff was insured by defendant, the policy providing underinsurance coverage with a limit of $10,000 for each injured person.
Plaintiff maintains that it is entitled to recover pursuant to the underinsurance coverage, while defendant contends that the language of the policy precludes any recovery.
An "underinsured motor vehicle” is defined by the policy in question as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage”. Since the coverage on the Van Loesch automobile is identical to the underinsurance limits of plaintiff’s policy, asserts defendant, the precise language set forth above precludes a holding that the Van Loesch automobile was underinsured. Defendant cites Matter of Hanover Ins. Co. (Saint Louis) (119 AD2d 529, appeal dismissed 68 NY2d 751)* and Manfredo v Centennial Ins. Co. (124 AD2d 979) as support for its proposition.
While defendant is correct that the opinion in Matter of Hanover Ins. Co. (Saint Louis) (supra) supports its position, this court feels compelled to adopt the rationale set forth by *158 Justice Ellerin in her dissent and to dismiss the first affirmative defense of defendant.
As set forth above, the policy issued to plaintiff by defendant defined "underinsured motor vehicle” in terms of a motor vehicle whose bodily injury insurance coverage, at the time of the accident, was less than the limit of liability provided by defendant to plaintiff. If the automobile with which plaintiff is involved in an accident is registered in the State of New York, this coverage provides nothing since an automobile registered in this State must be covered under a policy of insurance which provides a minimum of $10,000 for coverage for each injured person and $20,000 for two or more persons in any one accident (Vehicle and Traffic Law § 311 [4]; § 345 [b] [3]). If the automobile involved in the accident is registered in this State but is either not covered by insurance or is covered by insurance limits which are less than the minimum liability limits, that vehicle would fall within the "uninsured” provisions of the policy (see Part C of policy issued to plaintiff; dissent of Ellerin, J., Matter of Hanover Ins. Co. [Saint Louis], supra, at 531; Matter of Buglione [MVAIC] 32 AD2d 525). On the other hand, if the other vehicle involved in the accident was registered anywhere other than the State of New York and was covered by a policy whose limit for bodily injury liability is less than the minimum limit for bodily injury liability in this State, it would be specifically excluded from the definition of "underinsured motor vehicle” by the policy:
"However, 1underinsured motor vehicle’ does not include any vehicle or equipment:
"1. To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged” (emphasis in original).
As such, an accident with a vehicle which is not registered in the State of New York would likewise effect no coverage, since any vehicle insured for less than $10,000 could not be considered an "underinsured vehicle” for purposes of the policy.
Since plaintiff. has paid for coverage, as evidenced by the amended declarations page of his policy, it would be against public policy to hold that the language of the underinsurance *159 coverage provided to plaintiff here, which would preclude coverage under any possible state of facts, is viable and binding on plaintiff. In order to render the policy internally consistent, the definition of "underinsured” must be construed as including a vehicle having liability limits equal to that of the coverage provided by the indorsement, to wit, $10,000/ 20.000 (dissent of Ellerin, J., Matter of Hanover Ins. Co. [Saint Louis], supra, at 532).
Defendant also cites Manfredo v Centennial Ins. Co. (supra) in support of its claim that its policy provisions should be upheld. In Manfredo, however, the policy coverage did not preclude any possible recovery since the plaintiff did not choose $10,000/20,000 coverage, as would create the difficulty present here, but selected $25,000/50,000 coverage. Therefore, a vehicle registered in the State of New York which had minimum coverage (i.e., $10,000/20,000) and was involved in an accident with the plaintiff in that action would not result in no underinsurance coverage. In other words, some underinsurance coverage was possible so that it could not be held that plaintiff was paying for nothing when he paid his premiums for underinsurance coverage. It is the absolute lack of potential for underinsurance coverage in this action which requires the present holding.
In addition, defendant’s contention that this clause must be upheld since it is identical to the language contained in section 3420 (f) (2) of the Insurance Law (which, it should be noted, it is not) does not address the fact that the policy indicates that it provides underinsurance coverage when, in fact, it provides none when the insured selects only $10,000/ 20.000 underinsurance coverage. Under the present set of circumstances, the coverage must be held to include a vehicle having liability limits of $10,000/20,000, since it would be inequitable to arbitrarily increase the limits of coverage to a higher, uncertain amount. If defendant seeks to avoid this situation in the future, it is best advised not to offer $10,000/ 20.000 underinsurance coverage in conjunction with the present language contained in the policy.
Another ground for supporting this determination, and the basis upon which the second affirmative defense of defendant must be dismissed, exists.
The underinsurance coverage provides that "the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who *160 may be legally responsible. This includes all sums paid under Part A of this policy.” As above, any vehicle registered in the State of New York would have, at a minimum, $10,000/20,000 coverage so that this coverage is rendered nugatory. Any vehicle without insurance or with less than the legal minimum would fall under uninsured coverage. Also, by virtue of the exclusion from the definition of "underinsured vehicles” set forth above, accidents with out-of-State vehicles whose bodily injury coverage is less than $10,000/20,000 will not be the subject of underinsurance coverage. Again, the result is the payment of premiums for no coverage. While it might be argued that this result, as with the result above, only comes about if the insured chooses $10,000/20,000 underinsurance coverage, that argument is only half true. This reduction-in-coverage clause results in a misleading and ambiguous situation in that, "[i]n no event, irrespective of the State of registration of the offending vehicle, will the carrier providing the underinsurance coverage ever pay the amount indicated on the policy declaration” (Matter of United Community Ins. Co. v Mucatel, 127 Misc 2d 1045, 1046, affd without opn 119 AD2d 1017, affd for reasons stated in opn of Justice Ira Gammerman at Special Term 69 NY2d 777; see, Garry v Worldwide Underwriters Ins. Co., 120 Misc 2d 91, affd without opn 101 AD2d 717). It has therefore been held that the reduction-in-coverage clause cannot be given effect (Matter of United Community Ins. Co. v Mucatel, supra). This holding may also be analogized to the basis for dismissing the first affirmative defense: if, due to the reduction-in-coverage clause, the carrier will never pay the amount indicated on the policy declaration for underinsurance coverage and this is deemed unfair and against public policy, it must follow that the payment of premiums for underinsurance coverage which, by its terms, could never be provided is, at a bare minimum, equally unfair and cannot be upheld.
The result of this court’s holding is as follows: the policy in this action must be read to include underinsurance coverage for plaintiff for an accident with a vehicle with only $10,000/ 20,000 coverage, and the reduction-in-coverage clause cannot be given effect. By so holding, "the indorsement will in fact provide the 'underinsured’ coverage which on its face it purports to provide, and for which the insured contracted and paid, and will permit the insured * * * to recover to the extent his injuries exceed the $10,000 paid by the offending vehicle, up to a further maximum of the $10,000 limit of *161 underinsurance” (dissent of Ellerin, J., Matter of Hanover Ins. Co. [Saint Louis], 119 AD2d, supra, at 532). The first and second affirmative defenses must therefore fail and plaintiff is entitled to summary judgment.
The court denies the motion of defendant. The cross motion of plaintiff is granted.

 It should be noted that the appeal was dismissed "upon the ground that it does not lie as of right from the Appellate Division order of reversal, absent a dissent by at least two Justices or the direct involvement of a substantial constitutional question” (Matter of Hanover Ins. Co. (Saint Louis], 68 NY2d 751, citing CPLR 5601, as amended by L 1985, ch 300, § 1).