■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v MAGDALENA SILVA et al., Appellants.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County (Burstein, J.), dated November 20, 1987, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

On April 20, 1986, the appellant Noemi Silva was hit by a motor vehicle insured by Allstate Insurance Co. (hereinafter Allstate). She commenced an action against the vehicle's owner and settled the action for $10,000, the limit of the

Allstate policy. Thereafter Noemi Silva, under the appellant Magdalena Silva's insurance policy with the petitioner, demanded benefits under the "underinsured motorist" clause alleging that the $10,000 she received from Allstate was not sufficient compensation for her injuries. Magdalena Silva's policy with the petitioner allowed recovery of up to $10,000 per person/$20,000 per occurrence under that clause. The petitioner refused to pay any benefits and the appellants demanded arbitration. As a result, the petitioner commenced the instant proceeding to stay arbitration.

Insurance Law § 3420 (f) (2) provides that supplementary uninsurance motorist coverage (commonly known as "underinsurance") shall provide coverage "if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages *are in a lesser amount* than the bodily injury liability insurance limits of coverage provided by such policy" (emphasis supplied) *(see generally, Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777). Here, since the limits of liability of the other motorist were not less than, but were the same as the limits of the appellant's policy, the other motorist cannot be considered "underinsured" under the statute and the underinsurance coverage does not apply *(see, Manfredo v Centennial Ins. Co.,* 124 AD2d 979; *Matter of Hanover Ins. Co. [Saint Louis],* 119 AD2d 529, *appeal dismissed* 68 NY2d 751). Hence, there is no controversy to be resolved by an arbitrator. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.