OPINION OF THE COURT
Ralph A, Beisner, J.
Motion by respondent for an order staying the arbitration in this matter is denied and the parties are directed to proceed to arbitration pursuant to the demand therefor.
On August 26, 1988 the claimant John Tetteris and a third party, Jeffrey Messerich, were involved in a motor vehicle *141 accident. Messerich carried a liability policy in the amount of $10,000/$20,000. Messerich’s liability carrier has tendered its policy limits of $10,000 in settlement of Tetteris’s claim.
On the date of the accident Tetteris carried an automobile liability policy with Travelers Insurance Company (Travelers) with bodily injury coverage in the amount of $100,000/$300,000 and uninsured motorists coverage with limits of $10,000/ $20,000. Tetteris has demanded arbitration of his claim against Travelers for the underinsurance coverage in his liability policy. It should be noted that the declaration page of claimant’s policy with Travelers states that underinsured motorists coverage is included in uninsured motorist coverage. Thus, as Travelers concedes, the coverage at issue is the optional uninsurance coverage described in Insurance Law § 3420 (f) (2). That statutory provision provides: "Any such policy shall, at the option of the insured, also provide supplementary uninsured motorists insurance for bodily injury, in an amount up to the bodily insurance limits of coverage provided under such policy * * *. Supplementary uninsured motorists insurance shall provide coverage * * * if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy.” (Emphasis supplied.)
In support of its application to stay arbitration Travelers relies on Maurizzio v Lumbermens Mut. Cas. Co. (73 NY2d 951). According to Travelers Maurizzio holds that the underinsurance motorists coverage is not available where the underinsured policy limits of the insured’s vehicle do not exceed the policy limits of the other vehicle involved in the accident. Although claimant concedes that this is an accurate statement of the law, the court does not agree. In Maurizzio the insured purchased an automobile insurance policy with bodily injury limits of $10,000. He also purchased underinsurance coverage as provided in Insurance Law § 3420 (f) (2). The insured was involved in an accident with another vehicle which also had an insurance policy with a $10,000 limit for bodily injury. The court held that the insured was not entitled to recover under his underinsured motorists endorsement since the policy limits of his vehicle did not exceed the policy limits of the other vehicle. The court noted that a person who has purchased a policy with a $10,000 limit for bodily injury may never have *142 occasion to recover under an underinsured motorists endorsement such as the one at issue in that case.
The reference point which triggers the availability of under-insurance coverage in both Maurizzio (supra) and in Insurance Law § 3420 (f) (2) is the bodily injury policy limits of the insured’s vehicle, not the amount of his underinsurance coverage.
None of the other cases cited by Travelers support its position. In Matter of Eagle Ins. Co. v Silva (147 AD2d 641), the appellant had demanded benefits under the underinsured motorists clause and her policy allowed recovery of up to $10,000/$20,000 under that clause. She had been involved in an accident with a vehicle covered by an insurance policy with bodily injury limits of $10,000. The court, after quoting Insurance Law § 3420 (f) (2) stated that since the limits of liability of the other motorist were not less than but were the same as the limits of the appellant’s policy, the other motorist could not be considered underinsured under the statute and the underinsurance coverage did not apply. The opinion does not, however, recite the liability limits of appellant’s policy.
Manfredo v Centennial Ins. Co. (124 AD2d 979) appears to support Travelers’ position and refers to the limits of the underinsurance coverage as controlling. In Nationwide Mut. Ins. Co. v Figliomeni (147 AD2d 942), however, the Fourth Department noted that to the extent any language in Manfredo may be interpreted as being contrary to Insurance Law § 3420 (f) (2) it should not be followed. Nationwide specifically stated that in Manfredo the underinsured motorist coverage was inapplicable because the limits of bodily injury liability of the policy held by the tort-feasor were not less than the limits of bodily injury liability held by the insured claimant. (147 AD2d 942-943, supra.) In Hanover Ins. Co. (Saint Louis) (119 AD2d 529), unlike the matter at bar, both the claimant’s insurance policy and the tort-feasor’s policy had bodily injury limits of $10,000.
In Di Stasi v Nationwide Mut. Ins. Co. (132 AD2d 305), the insured, who had a policy with bodily injury limits of $25,000/ $50,000 and underinsured coverage of $10,000 was involved in an accident with a vehicle whose driver had an insurance policy with a bodily injury limit of $10,000. The issue before the court involved the availability to the insured of additional underinsurance coverage through his parents’ policy. The court, however, declared in part that the insured was covered *143 by the underinsurance motorists provision in his own policy with a limit of $10,000 and observed that the insured’s bodily injury insurance limits served to determine whether, in a particular case, the underinsured motorist coverage is applicable.
Thus, since in the instant case the claimant has bodily injury coverage with limits of $100,000/$300,000 and the tortfeasor’s vehicle has bodily injury coverage in the amount of $10,000/$20,000 the claimant is entitled to proceed to arbitration with respect to his underinsurance coverage of $10,000 and Travelers’ motion to stay the arbitration must be denied.
Insofar as the policy issued by Travelers defines its underinsurance coverage in a manner that does not conform to Insurance Law § 3420 (f) (2) it is void. (Garry v Worldwide Ins. Co., 120 Misc 2d 911, affd 101 AD2d 717.)