■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v SCOTT BALARAN, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration of the claimant's underinsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated November 29, 1988, which denied the petition.

Ordered that the judgment is affirmed, with costs.

The sole issue raised on this appeal is whether the offending vehicle, which allegedly struck the vehicle the claimant was operating, was underinsured within the meaning of the claimant's insurance policy issued by the petitioner. The petitioner's claim that the issue is resolved by a comparison of the bodily injury liability limits of the offending vehicle's insurance policy with the limits in the underinsured motorist coverage provision in the claimant's policy is without merit. The claimant's insurance policy provides, in relevant part, that an underinsured motor vehicle means a motor vehicle to which a bodily injury liability policy applies at the time of the accident, "but its limit for bodily injury liability is less than the bodily injury liability limits *provided under this policy"* (emphasis supplied; *see also,* Insurance Law § 3420 [f] [2]). Therefore, contrary to the petitioner's contention, the compar-

ison must be made between the bodily injury liability limits of each policy involved. Since it is undisputed that the limits of bodily injury liability in the policy issued to the offending vehicle ($50,000/$100,000) are less than the bodily injury liability limit in the claimant's policy ($300,000), the offending vehicle is underinsured *(see, Maurizzio v Lumbermans Mut. Cas. Co.,* 73 NY2d 951; *Di Stasi v Nationwide Mut. Ins. Co.,* 132 AD2d 305, 310; *Matter of Hanover Ins. Co. [Saint Louis],* 119 AD2d 529).

We note that the petitioner concedes on appeal that if this court determined that the offending vehicle was underinsured, then the "reduction in coverage" clause in the claimant's policy would not bar the claim *(see, Matter of United Community Ins. Co. v Mucatel,* 69 NY2d 777, 778, *affg* 119 AD2d 1017). Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.