In the Matter of AUTOMOBILE INSURANCE COMPANY OF HARTFORD CONNECTICUT, Respondent, v RICHARD STILLWAY, Appellant.

First Department, April 9, 1991

## APPEARANCES OF COUNSEL

*John M. Denby* of counsel *(Evan H. Krinick* with him on the brief; *Rivkin, Radler, Bayh, Hart & Kremer,* attorneys), for respondent.

*Bertram Herman, P. C.,* for appellant.

## OPINION OF THE COURT

KASSAL, J.

The provisions of Insurance Law § 3420 (f) (2), made mandatory at the option of the insured, require an insurer to provide underinsured motorists coverage to the extent of the insured's liability coverage. In this appeal, we reject the insurer's attempt to limit such protection, through the terms of the automobile policy, to the amount of the insured's underinsurance coverage.

Petitioner-respondent, The Automobile Insurance Company of Hartford Connecticut (petitioner), brought this proceeding pursuant to CPLR 7503 to stay arbitration demanded by its insured, respondent-appellant, Richard Stillway (respondent), pursuant to an automobile policy in effect on December 27, 1986, when respondent's automobile was involved in an accident with another vehicle. The policy, which was issued on June 17, 1986, contained the following limitations of coverage:

| | |
|---|---|
| Liability | $500,000 each accident |
| Uninsured/Under-insured Motorists | $100,000 each person, not to exceed $300,000 each accident.* |

* Raised from $10,000 each person, not to exceed $20,000 each accident, by amendment effective August 21, 1986.

Also contained in the policy was a clause mandating binding arbitration before the American Arbitration Association to resolve claims in dispute.

The vehicle which collided with respondent's was insured

under a policy issued by the Geico Insurance Company (Geico) containing a liability limitation for bodily injury of $100,000. Respondent, who sustained damages in excess of that amount and had therefore filed for underinsured motorists benefits, notified petitioner on May 12, 1989 that Geico had offered its full policy amount in settlement, and requested petitioner's consent to accept. In response, petitioner denied the applicability of underinsured motorists benefits, citing its policy definition, discussed *infra*, for such coverage.

Respondent settled his claim with Geico and subsequently served petitioner with a notice of demand to arbitrate. Petitioner moved to stay arbitration on the ground that the policy's underinsured coverage was inapplicable. It further argued that the arbitration clause in effect as of the August 21, 1986 policy renewal and increase in coverage called for nonbinding, common-law arbitration and not for binding arbitration to be held before the American Arbitration Association. However, respondent denies having ever been provided with a copy of such an endorsement, or having otherwise been notified of the modification regarding arbitration, as required under Insurance Law § 3425 (d) (1).

Finally, in denying the claim for underinsured motorists benefits, petitioner also urged that respondent could not invoke an arbitration clause under a contract of insurance which he had breached by settling with Geico in the absence of petitioner's consent.

The IAS part granted the petition to stay arbitration, reasoning that underinsurance coverage was unavailable under the terms of the policy. We reverse.

First, we reject petitioner's contention, not reached by the IAS part, that respondent breached the insurance contract by settling with Geico, an action taken only after petitioner rejected his underinsured motorist claim as "not valid". By repudiating liability, petitioner released respondent from the requirement that he obtain its consent to accept the settlement offer from Geico. *(See, Matter of Vanguard Ins. Co. [Polchlopek],* 18 NY2d 376, 381-382.)

We turn next to the primary issue on appeal, namely, whether petitioner properly denied respondent's claim for underinsured motorists coverage. Pursuant to Insurance Law § 3420 (f) (2), an insurer must provide, at the option of the insured, supplementary uninsured motorists insurance for bodily injury. In circumstances where the other motorist is

not wholly uninsured, Insurance Law § 3420 (f) (2) further provides as follows: "Supplementary uninsured motorists insurance shall provided coverage, in any state or Canadian province, if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages are in a lesser amount than the *bodily injury liability insurance limits of coverage* provided by [claimant's] policy" (emphasis added).

Commonly referred to as "underinsurance", it is this latter coverage which is involved in the matter before us.

Under the automobile policy at issue, an underinsured motor vehicle is described as: "[A] land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of an accident; *provided its limit for bodily injury liability is less than the limit of the liability for this [i.e., underinsured] coverage"* (emphasis added).

■ While this language precludes underinsurance coverage where the second vehicle's coverage limit is equal to or greater than the amount of claimant's underinsured motorist limitation, no such limitation is contained in Insurance Law § 3420 (f) (2). Rather, the statute specifies that the proper measure is whether the other vehicle's underinsurance coverage is for a lesser amount than the claimant's *"bodily injury liability insurance limits of coverage"* (emphasis added).

In short, the statute does not confine the measure to the amount of respondent's underinsurance coverage, which in this case equals the bodily injury liability limitation of the other vehicle. Instead, the statutory language calls for the measure to be taken against respondent's *over-all* liability insurance coverage, or $500,000. That this was the legislative intent in promulgating the statute is made clear in the memorandum of the State Executive Department which accompanied the new law in 1977, explaining, "This new coverage would be excess to the liability coverage of the other automobile in the accident. Thus, by purchasing this option, the insured would obtain the same level of protection for himself and his passengers which he purchased to protect himself against liability to others and would not be limited to the coverage of the other automobile." (1977 McKinney's Session Laws of NY, at 2446.)

An insurer, may not, by the terms of its policy, limit this coverage which, at an insured's option, becomes mandatory under Insurance Law § 3420 (f) (2). *(See, Garry v Worldwide*

*Underwriters Ins. Co.,* 120 Misc 2d 91, 92, *affd* 101 AD2d 717; *Tetteris v Travelers Ins. Co.,* 146 Misc 2d 140, 143 ["Insofar as the policy issued * * * defines its underinsurance coverage in a manner that does not conform to Insurance Law § 3420 (f) (2) it is void"].)

Several courts have rejected the position taken by petitioner, and at least one has pointed out the anomalous results which would prevail if the very definition and reasoning employed by petitioner were implemented in a case in which the insured had a liability limitation of $100,000/300,000 and an underinsurance limitation of $50,000/100,000, which was the same as that of the tort-feasor vehicle: "[H]ad the tort-feasor had $10,000 in coverage, the plaintiff would be entitled to $50,000 in underinsurance benefits; had the tort-feasor had $25,000 in coverage, the plaintiff would be entitled to $50,000 in underinsurance benefits; and, if the tort-feasor had $49,999 in coverage, the plaintiff would be entitled to $50,000 in underinsurance benefits. Yet, since the tort-feasor had $50,000 in coverage, the defendants would provide that no underinsurance benefits would be paid." *(Gullo v Hartford Ins. Co.,* 145 Misc 2d 330, 334; *see also, Di Stasi v Nationwide Mut. Ins. Co.,* 132 AD2d 305, 310 [the insured's bodily injury liability limits determine whether underinsured motorist coverage is applicable].)

While the language of one appellate court decision, *Manfredo v Centennial Ins. Co.* (124 AD2d 979), may be interpreted as supportive of petitioner's position, the Fourth Department subsequently clarified its ruling so as to leave no doubt that it is the liability limitation and not the underinsured motorist limitation which provides the appropriate measure: "We note that the resolution of the issues raised may involve our decision in *Manfredo v Centennial Ins. Co.* (124 AD2d 979). In the interest of judicial economy and clarity, we note that, to the extent any language in *Manfredo* may be interpreted as being contrary to Insurance Law § 3420 (f) (2), it should not be followed. In *Manfredo,* the underinsured motorists coverage was inapplicable because the limits of bodily injury liability of the policy held by the tort-feasor were not less than the limits of bodily injury liability held by the insured claimant." *(Nationwide Mut. Ins. Co. v Figliomeni,* 147 AD2d 942, 942-943.)

Nor does the ruling in *Maurizzio v Lumbermens Mut. Cas. Co.* (73 NY2d 951) relied upon by the IAS part, dictate otherwise. There, the court upheld the denial of a claim for underinsured motorists benefits because "the policy limits of

the insured's vehicle do not exceed the policy limits of the other vehicle or vehicles involved in the injury-causing accident" *(supra,* at 953). That case involved a claimant whose underinsurance and liability coverage were *both* limited to $10,000, which was the same limit contained in the second driver's policy. *(See also, Matter of Hanover Ins. Co. [St. Louis],* 119 AD2d 529, *appeal dismissed* 68 NY2d 751.)

In contrast, the policy issued by the within petitioner contained a bodily injury liability limitation of $500,000, which readily exceeded the $100,000 coverage limitation in the Geico policy. Such circumstances render the second vehicle underinsured. *(Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364, 365.)

For these reasons, it was error for the IAS part to have granted the petition to stay arbitration. In light of the dispute as to petitioner's notice of change regarding arbitration, a hearing is required to determine whether petitioner properly complied with the provisions of Insurance Law § 3425 (d) (1) with respect thereto.

Accordingly, the order and judgment (one paper), Supreme Court, New York County (Jawn Sandifer, J.), entered on or about June 15, 1990, which granted the petition to stay arbitration, should be modified, on the law and facts, to deny the stay, and the matter remanded for a determination as to form of arbitration, without costs.

ROSENBERGER, J. P., WALLACH and ASCH, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on or about June 15, 1990, unanimously modified, on the law and facts, to deny the stay, and the matter remanded for a determination as to form of arbitration, without costs.