■ In the Matter of the Arbitration between COMMERCIAL UNION INSURANCE COMPANY, Respondent, and BRUCE A. RAYMOND, Appellant.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered January 8, 1990 in Putnam County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On July 5, 1988, respondent sustained personal injuries as a result of a collision between the vehicle that he was driving and an automobile owned by Betty Miraglia and operated by Elizabeth Miraglia. Respondent was working at the time, operating a truck owned by his employer, C. K. Fuel, Inc. The liability insurance coverage on the Miraglia car was issued by Hanover Insurance Company with $100,000 coverage for a combined single injury. Continental Insurance Company covered the C. K. Fuel truck, but the policy limits have not been disclosed. Respondent had insurance on his personal automobile issued by petitioner, which included bodily injury liability limits of $100,000/$300,000 and a supplementary uninsured

motorist coverage endorsement, commonly referred to as underinsured motorist coverage, with a limit of $100,000.

On August 30, 1989, respondent made written demand upon petitioner for arbitration alleging, "Failure to settle underinsured motorist claim. Injuries are serious and diverse." On September 5, 1989, within the 20-day time period specified in the policy, petitioner made this application to stay the arbitration on the ground that preliminary issues of compliance with the terms and conditions of the New York Automobile Accident Indemnification Endorsement were required to be resolved by Supreme Court before arbitration was permissible. Supreme Court granted the application and ordered the arbitration stayed, holding that the primary policy that attaches is the policy issued to the owner of the motor vehicle that respondent was operating and not respondent's personal policy. Respondent now appeals.

We affirm the order but for a reason different than that found by Supreme Court. Insurance Law § 3420 (f) (2) provides that underinsurance shall provide coverage "if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy". The plain meaning of the statute is that the driver responsible for the damages is considered to be underinsured, and the coverage applies, only when the limits of liability of the policy insuring the car driven by that motorist are less than the limits of liability contained in the underinsured motorists coverage endorsement in the policy provided by the insurer of the party not at fault. When the limits of coverage on the liable motorist are the same or greater than those covering the other driver, that driver is not underinsured, the provisions of the endorsement are not triggered and the coverage does not apply. This is not a new holding. The issue has been raised and determined as outlined in *Matter of Eagle Ins. Co. v Silva* (147 AD2d 641), *Di Stasi v Nationwide Mut. Ins. Co.* (132 AD2d 305), *Manfredo v Centennial Ins. Co.* (124 AD2d 979) and *Matter of Hanover Ins. Co. (Saint Louis)* (119 AD2d 529, *appeal dismissed* 68 NY2d 751). Finally, the Court of Appeals has said that "[t]he coverage provided by that endorsement is definitionally not available where, as here, the policy limits of the insured's vehicle do not exceed the policy limits of the other vehicle or vehicles involved in the injury-causing accident" *(Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 953).

Respondent seeks to overcome the result compelled by this

persuasive authority by contending that, because petitioner paid $5,000 out of its $100,000 policy for property damage to the truck driven by respondent, the limit of coverage has somehow been modified and reduced from $100,000 to $95,000. We find this argument devoid of merit. Insurance policies are not changed, nor the limits of liability reduced, by payments of claims. This very situation was presented and rejected in *Manfredo v Centennial Ins. Co. (supra).*

Having reached this conclusion, we need not reach respondent's remaining arguments.

Order affirmed, with costs. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.