■ In the Matter of the Arbitration between PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent, and MARY A. COOPER et al., Appellants. [597 NYS2d 205] — Mercure, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered December 17, 1991 in Schenectady County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On February 10, 1988, as respondent Mary Ann Cooper (hereinafter respondent) was operating her vehicle insured by petitioner, the vehicle collided with a vehicle operated by Margaret Huntington and insured by Hartford Insurance Company. Hartford provided Huntington with single limit liability coverage in the amount of $100,000. Petitioner provided respondent with bodily injury liability coverage in the amount of $300,000. Respondent's policy also provided for uninsured/underinsured coverage in the amount of $100,000 per person, not to exceed $300,000 per accident. Respondent, with petitioner's consent, settled her action against Huntington for $90,000, and thereafter served a demand on petitioner for arbitration of her underinsurance claim. Petitioner commenced this proceeding to stay arbitration and Supreme Court, reasoning that underinsurance coverage is unavailable when such coverage is identical to the tortfeasor's bodily injury coverage, granted the application and ordered arbitration stayed. Respondents now appeal.

The sole issue raised on this appeal is whether the Huntington vehicle was underinsured within the meaning of respondent's insurance policy. Petitioner's claim that the issue is resolved by a comparison of the bodily injury liability limits of Huntington's insurance policy with the limits in the underinsured motorist coverage provision in respondent's policy is without merit. The comparison must be made between the bodily injury liability limits of each policy involved. Because the limits of bodily injury liability in the policy issued to Huntington ($100,000) are less than the bodily injury liability limit in respondent's policy ($300,000), the Huntington vehicle is underinsured (see, Insurance Law § 3420 [f] [2]; *Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 953; *Matter of Automobile Ins. Co. v Stillway,* 165 AD2d 572, 575-577; *Matter of Liberty Mut. Ins. Co. v Balaran,* 163 AD2d 314; *Nationwide Mut. Ins. Co. v Figliomeni,* 147 AD2d 942; *Di Stasi v Nationwide Mut. Ins. Co.,* 132 AD2d 305, 310; *Gullo v Hartford Ins.*

*Co.*, 145 Misc 2d 330, 334). Our decision in *Matter of Commercial Union Ins. Co. (Raymond)* (172 AD2d 988, *lv denied* 78 NY2d 858) should not be interpreted as holding to the contrary.

Weiss, P. J., Mikoll, Mahoney and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition denied.