■ In the Matter of PRUDENTIAL PROPERTY AND CASUALTY COMPANY, Appellant, v BRIAN SZELI, Respondent. [598 NYS2d 55] —In a proceeding pursuant to CPLR article 75 to stay arbitration of the claimant's underinsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered March 29, 1991, which denied the petition.

Ordered that the judgment is reversed, on the law, with costs, and the petition is granted.

The respondent claimant and two friends were walking along a road when an automobile struck and seriously injured them. The petitioner had insured the claimant's father under an automobile policy having bodily injury coverage limits of $100,000 per person and $300,000 per accident. In contrast, the tortfeasor-driver had a single limit policy of $300,000. The tortfeasor offered to settle the case, providing $95,000 to the claimant and $95,000 and $110,000, respectively, to his two friends. Rather than settle, the claimant claimed underinsurance benefits under his father's policy with the petitioner.

The determination of whether a vehicle is underinsured is made by comparing the bodily injury limits of the claimant's insurance policy with the bodily injury limits of the tortfeasor's policy (see, Insurance Law § 3420 [f] [2]; *Matter of Automobile Ins. Co. v Stillway,* 165 AD2d 572; *Matter of Liberty Mut. Ins. Co. v Balaran,* 163 AD2d 314, 314-315; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364, 365). In the case of single limit policies, where bodily injury and property damage coverages are contained under one limit, the full amount stated on the declarations page of the policy is considered to be available for bodily injury. No deduction is made for an amount required to cover property damage (see, *Matter of Commercial Union Ins. Co. [Raymond],* 172 AD2d 988, 990; *Matter of Liberty Mut. Ins. Co. v Balaran, supra,* at 315; *Matter of Allstate Ins. Co. v Hager,* 151 Misc 2d 322, 324).

Upon comparison of the applicable bodily injury liability limits of the policies, if the benefits available under the tortfeasor's policy are greater than, or equal to, the benefits available under the claimant's policy, the tortfeasor is not underinsured and the claimant's policy is not activated (see, *Matter of Commercial Union Ins. Co. [Raymond], supra,* at 989; *Matter of Eagle Ins. Co. v Silva,* 147 AD2d 641; *Manfredo v Centennial Ins. Co.,* 124 AD2d 979, 980). However, if the bodily injury limits of the tortfeasor's policy are less than those of the claimant's policy, the claimant may assert an underinsurance claim (see, *Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 953; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364, 365, *supra).*

Applying the aforestated rules of law to the present facts, we find that the court erred in refusing to grant the petitioner's application to stay the arbitration. First, the court improperly reduced the single limit liability ($300,000) of the tortfeasor's policy by an unspecified amount for property damage, and concluded that something less than that amount was available for bodily injury under his policy. Rather, the full $300,000 should have been the comparable amount. When the correct amount is compared with either the $100,000 per person or the $300,000 per accident bodily injury liability limits under the claimant's policy, it is clear that the tortfeasor's coverage of $300,000 is either *greater than* or *equal to* the claimant's coverage. Because the tortfeasor's liability limit must be *less than* the claimant's in order for the underinsurance endorsement to be triggered, we conclude that petitioner's application to stay arbitration of the respondent's claim

should have been granted. Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.