■ In the Matter of Allstate Insurance Company, Appellant, v Mark Hager, Respondent. [605 NYS2d 310] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner appeals from an

order of the Supreme Court, Orange County (Miller, J.), dated June 17, 1991, which dismissed the proceeding and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

The respondent claimant and two friends were walking along a road when an automobile struck and injured them. The petitioner Allstate Insurance Company (hereinafter Allstate) had insured the claimant's father under an automobile policy having bodily injury coverage limits of $250,000 per person and $500,000 per accident. In contrast, the tortfeasor-driver had a single limit policy of $300,000 with Covenant Insurance Company. The tortfeasor offered to settle the case, providing $95,000 to the claimant and $95,000 and $110,000, respectively, to his two friends. Thereafter, the claimant claimed underinsurance benefits under his father's Allstate policy. Allstate commenced the instant proceeding to stay arbitration asserting that the claimant had no underinsured motorist claim because the tortfeasor's combined policy limit of $300,000 exceeded the Allstate's policy limit of $250,000. The Supreme Court denied the petition, finding that the $500,000 per accident limit in the Allstate policy exceeded the tortfeasor's policy limit of $300,000, therefore, the tortfeasor's vehicle was underinsured. We agree.

The determination of whether a vehicle is underinsured is made by comparing the bodily injury limits of the claimant's insurance policy with the bodily injury limits of the tortfeasor's policy (see, Insurance Law § 3420 [f] [2]; *Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 953; *Matter of Prudential Prop. & Cas. Co. [Szeli]*, 193 AD2d 748; *Matter of Automobile Ins. Co. v Stillway*, 165 AD2d 572; *Matter of Fireman's Fund Ins. Co. v Freda*, 156 AD2d 364, 365). If the bodily injury limits of the tortfeasor's policy are, as here, less than those of the claimant's policy, then the claimant may assert an underinsurance claim (see, *Maurizzio v Lumbermens Mut. Cas. Co.*, supra; *Matter of Prudential Prop. & Cas. Co. [Szeli]*, supra).

We find that the Supreme Court properly determined that the tortfeasor's coverage of $300,000 was less than the claimant's over-all policy limit of $500,000. Therefore, the tortfeasor's vehicle was underinsured. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.