NEW YORK STATE SCHOOL BOARDS ASSOCIATION, Appellant, v THOMAS SOBOL, as Commissioner of Education, et al., Respondents.

Third Department, June 6, 1991

APPEARANCES OF COUNSEL

*Jay Worona* for appellant.

*Lizette A. Cantres (Elizabeth R. Koepcke* of counsel) and *Robert Abrams, Attorney-General (Daniel Smirlock* of counsel), for respondents.

OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether 8 NYCRR 135.3 violates the Establishment Clause of the 1st Amendment by requiring that representatives from religious organizations be included on State-mandated AIDS advisory councils to be established by local boards of education for the purpose of making recommendations concerning the content, implemen-

tation and evaluation of AIDS instruction programs. We hold that the regulation does not violate the Establishment Clause.

In *Lemon v Kurtzman* (403 US 602), the Supreme Court held that governmental action does not violate the Establishment Clause when the action (1) has a secular purpose, (2) has as its principal or primary effect one that neither advances nor inhibits religion, and (3) does not foster excessive entanglements with religion. Plaintiff contends that the regulation at issue fails to satisfy the second and third factors of the *Lemon* standard. According to plaintiff, the regulation has as a primary effect the advancement of religion because it communicates an endorsement of religion and creates a symbolic link between religion and the State. Plaintiff finds an excessive entanglement in that the regulation may require local school boards to choose which religion will be given a voice on the advisory counsel and may cause the involvement of faith or morals in a secular subject.

The regulatory scheme at issue requires local school boards to set up AIDS advisory councils made up of "parents, school board members, appropriate school personnel, and community representatives, including representatives from religious organizations" (8 NYCRR 135.3 [b] [2]; [c] [2]). It is clearly the intent of the regulation that the advisory councils consist of a broad spectrum of community members, and the reference to religious organizations reflects at most defendants' considered judgment that religious organizations can help solve the problem to which the regulation is addressed. The Establishment Clause does not prevent defendants from making such a judgment or from recognizing that religion or religious organizations may have a role to play in resolving certain secular problems, and to the extent that this recognition advances religion, the effect is incidental and remote *(see, Bowen v Kendrick,* 487 US 589, 607).

■ As to plaintiff's symbolic link argument, the Supreme Court has said that "the mere appearance of a joint exercise of legislative authority by Church and State provides a significant symbolic benefit to religion in the minds of some by reason of the power conferred" *(Larkin v Grendel's Den,* 459 US 116, 125-126). Here, however, there is no "appearance of a joint exercise of legislative authority by Church and State". Representatives from religious organizations are to serve as members of an advisory council consisting of a broad spectrum of community members. The council's function is advisory only, to make recommendations. The final decision-making

authority as to the content, implementation and evaluation of instructional programs remains with the local school board. Instead of creating an impermissible significant symbolic benefit to religion, the regulation reflects a recognition of the role that religious organizations have to play, along with other community members, in helping to deal with the AIDS problem. As previously noted, such recognition has only an incidental or remote effect of advancing religion *(see, Bowen v Kendrick, supra)*.

█ Plaintiff contends that the regulation violates the excessive entanglement prong of the *Lemon* test because the interaction between secular and religious personnel on the council will lead to the introduction of religious matters in the secular subject of school curriculum, and because political divisiveness will result as different denominations endeavor to obtain seats on the council. The political divisiveness question is inapplicable in these circumstances *(see, Bowen v Kendrick, supra,* at 617, n 14; *Mueller v Allen,* 463 US 388, 404, n 11), and we find plaintiff's claim based upon the potential interaction between religious and secular personnel to be speculative at best. "Some limited and incidental entanglement between church and state authority is inevitable in a complex modern society" *(Larkin v Grendel's Den, supra,* at 123). Representatives of religious organizations have been included on the State-mandated AIDS advisory council to perform an essentially secular role in representing the viewpoint of various large segments of the community, and there is no basis for assuming that those representatives are not capable of carrying out their functions under the regulation in a lawful, secular manner *(see, Bowen v Kendrick, supra,* at 612-613).

█ Since the parties stipulated that the only issue before Supreme Court was the constitutionality of the regulation, we will not consider the additional issue raised on appeal by plaintiff. We note that since the relief sought in this action was a declaratory judgment, Supreme Court's dismissal of the complaint after considering the merits of plaintiff's claim was inappropriate *(see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 954).

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and CREW III, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed plaintiff's

complaint; it is declared that 8 NYCRR 135.3 does not violate the Establishment Clause of the 1st Amendment by requiring the inclusion of representatives from religious organizations on State-mandated AIDS advisory councils; and, as so modified, affirmed.