OPINION OF THE COURT
Lawrence E. Kahn, J.
This litigation challenges the constitutionality of Laws of 1989 (ch 748), which created the Kiryas Joel Village School District. While presenting issues which are new and distinct, it continues years of litigation, which in one form or another, all emanante from attempts to obtain public funding for special education programs for children of the Satmar Hasidic sect. Much of the history of the relationship between the present litigants has been documented by the Court of Appeals in Board of Educ. v Wieder (72 NY2d 174). Therein, the issue to be determined was whether special services to the handicapped children of the Village of Kiryas Joel was statutorily required to be provided in the public schools or in religiously affiliated private schools. Ultimately, the court determined that the applicable provisions of the Education Law did not require the Board of Education of the Monroe-Woodbury Central School District to offer such services only in regular public school classes. The court also rejected the contention that such services must be provided to nonpublic school children on the premises of the schools they normally attend. In its previous decision, the Court of Appeals set forth relevant background information, stating that: "Kiryas Joel is a community of Hasidic Jews. Apart from separation from the outside community, separation of the sexes is observed within the village. Yiddish is the principal language of Kiryas Joel; television, radio and English language publications are not in general use. The dress and appearance of the Hasidim are distinctive — the boys, for example, wear long side curls, head coverings and special garments, and both males and females follow a prescribed dress code. Education is also different: Satmarer children generally do not attend public schools, but *62 attend their own religiously affiliated schools within Kiryas Joel.” (Supra, at 179-180.)
In an acknowledged attempt to compromise the ongoing dispute, the challenged statute created a school district whose boundaries are literally contiguous with the incorporated Village of Kiryas Joel, and provided for the election of trustees with the powers and duties of trustees of a union free school district. A board of education was thereafter elected and the school properties within the boundaries of the new district were transferred off the rolls of the Monroe-Woodbury School District, effective July 1, 1990. The only "public” school within the new district provides educational services for handicapped children.
The instant declaratory judgment action was commenced on or about January 19, 1990 and challenges the creation of the school district on constitutional grounds, asserting that it violates the principles of separation of Church and State. Plaintiffs also assert that the legislation violates equal protection guarantees. Originally, the New York State Department of Education and other State officials, including the Comptroller, were named as defendants. Motions to intervene were made by the Board of Education of the Monroe-Westbury School District and the Board of Education of Kiryas Joel Village School District. Those motions were granted by the court and a second amended complaint was served. By so-ordered stipulation, the action was discontinued against the State defendants with the recognition that the Attorney-General would continue to appear in support of the constitutionality of the statute (Executive Law §71). Presently, plaintiffs have moved for summary judgment seeking a declaration that chapter 748 is unconstitutional. The Attorney-General and the party defendants have all cross-moved for summary judgment seeking a declaration of constitutionality.
The legislation which has generated the present controversy is straightforward. It provides that: "The territory of the village of Kiryas Joel in the town of Monroe, Orange county, on the date when this act shall take effect, shall be and hereby is constituted a separate school district, and shall be known as the Kiryas Joel village school district and shall have and enjoy all of the powers and duties of a union free school district under the provisions of the education law.” (L 1989, ch 748, § 1.)
Section 2 of the legislation provides for the newly created *63 district to be under the control of a board of education composed of between five and nine members elected by the qualified voters of the Village of Kiryas Joel. Finally, the bill provides that the terms of members of the school board shall not exceed five years. Plaintiffs assert that this act violates the Establishment Clause of the First Amendment of the US Constitution and its New York State counterpart (art XI, § 3).
Plaintiffs, individually, have standing to maintain this litigation. It is without doubt that encouraging individual citizen taxpayers "to take an active, aggressive interest in his State * * * [is] the classical means for effective scrutiny of legislative and executive action.” (Boryszewski v Brydges, 37 NY2d 361, 364.) "[A] citizen or taxpayer has the right to challenge in the courts, as unconstitutional, acts of government” (Wein v Carey, 41 NY2d 498, 500-501). Further, with respect to the New York State School Boards Association, said Association has very recently litigated similar questions, as a party plaintiff, without any question by either the other litigants or the judiciary concerning its standing to maintain the action. (New York State School Boards Assn. v Sobol, 168 AD2d 188 [3d Dept].) Accordingly, the Appellate Division was satisfied that said Association had standing to litigate the issues before it. In this regard, the Appellate Division has determined that the issue of standing must be decided as a threshold issue before deciding constitutional challenges. (See, County of Rensselaer v Regan, 173 AD2d 37.)
Turning to the merits, the Court of Appeals has recognized that "[w]hile the principle of separation of Church and State is deep-rooted * * * there is no litmus test for determining which services may be rendered by a public body to parochial school students and which may not” (Board of Educ. v Wieder, supra, at 189, n 3). In illustrating that principle, the court cited Wolman v Walter (433 US 229), indicating that the decision had "so many categories and splintered votes that it can only read with a scorecard.” (Supra, at 189, n 3.)
The leading and most oft-cited case upon the issues of separation of Church and State is Lemon v Kurtzman (403 US 602). Therein, the Supreme Court wrote that "[¡judicial caveats against entanglement must recognize that the line of separation, far from being a 'wall/ is a blurred, indistinct and variable barrier depending on all the circumstances of a particular relationship.” (Supra, at 614.) The court determined that legislation, such as that challenged herein, does not *64 violate the Establishment Clause if it has a secular purpose, has the principle or primary effect of neither advancing nor inhibiting religion, and does not foster an excessive entanglement with religion. Legislation which gives the appearance of providing a significant symbolic benefit to religion "by reason of the power conferred” (Larkin v Grendel's Den, 459 US 116, 126) will not pass constitutional muster.
In applying the three-pronged test of Lemon (supra), it becomes evident that the challenged statute violates all three. First, it has a sectarian rather than a secular purpose. There is no doubt that the legislation was an attempt by the executive and Legislature to accommodate the sectarian wishes of the citizens of Kiryas Joel by taking the extraordinary measures of creating a governmental unit to meet their parochial needs.
The statute rather than serving a legitimate governmental end, was enacted to meet exclusive religious needs and has the effect of advancing, protecting and fostering the religious beliefs of the inhabitants of the school district.
The residents of the Village of Kiryas Joel have unequivocably refused and rejected any attempts to provide for the education of handicapped pupils from the village at a neutral site previously offered by the Monroe-Woodbury School District. The present site can hardly be described as neutral. Rather, it lies squarely within the borders of a religious community, whose articulated goal is to remain segregated from the rest of society. Labeling the village as a "union free public school district” cannot alter reality.
The Village of Kiryas Joel and the coterminous school district is an enclave of segregated individuals who share common religious beliefs which shape the social, political and familial mores of their lives from cradle to grave. " 'We want to be separate. It’s intentional.’ ” (Parents’ Assn. of P.S. 16 v Quinones, 803 F2d 1235, 1238.) In fact, this school district was created solely and exclusively to meet religious needs. Such a law clearly violates the Establishment of Religion Clause of both the State and Federal Constitutions. The establishment of a governmental unit, in this case, a school district, constitutes a most direct affront to the Establishment Clause. The legislation is an attempt to camouflage, with secular garments, a religious community as a public school district.
Said legislation also fosters excessive entanglements with religion. As the Commissioner of Education, Thomas Sobol, *65 states in his affidavit, the Kiryas Joel Village School District is a dependent school district within the Orange-Ulster supervisory district and is a component district of the Orange-Ulster Board of Cooperative Educational Services. His affidavit also makes it clear that boards of education of dependent school districts may not appoint their own superintendents without express recommendation of the executive officer of the supervisory district. Further, the Commissioner’s affidavit outlines the extent to which the State Education Department must take special steps to monitor the newly created school district to ensure that public funds are not expended to further religious purposes. He concludes that his staff "in its monitoring capacity is unavoidably entangled in matters of religion.”
The intent of the Legislature and executive to be responsive to the citizens of Kiryas Joel is laudatory and reflects the political process straining to meet the parochial needs of a religious group. However, their action violates the First Amendment which prohibits legislation which promotes the establishment of religion. The Satmar Hasidic sect enjoys religious freedom as guaranteed by the very First Amendment that they are now seeking to circumvent. This short range accomplishment could in the long run, jeopardize the very religious freedom that they now enjoy.
The strength of our democracy is that a multitude of religious, ethnic and racial groups can live side by side with respect for each other. The uniqueness of religious values as observed by the Satmar sect, is especially to be admired as nonconformity becomes increasingly more difficult to sustain, however, laws cannot be enacted to advance and endorse such parochial needs in violation of our deep-rooted principle of separation of Church and State.
For the reasons hereinabove set forth, plaintiffs’ motion for summary judgment shall be granted. The cross motion by the Attorney-General and the party defendants for summary judgment, seeking a declaration of constitutionality shall be denied. Plaintiff shall be directed to submit an order and judgment which declares that Laws of 1989 (ch 748) violates the Establishment Clause of the First Amendment of the US Constitution and its New York State counterpart, article XI, §3.