OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question not answered as unnecessary.
In a dispute involving uninsured motorist coverage, the Appellate Division — in certifying a question to this court— noted an apparent conflict "between the First and Second Departments on the issue of whether New Jersey law applies (see, Matter of Allstate Ins. Co. v Walsh, 99 AD2d 987, [1st Dept] and Allcity v Williams, 120 AD2d 1 [2d Dept])”. The parties’ briefs deal solely with the issue whether physical contact with another vehicle must be proven for uninsured motorist coverage of a New York vehicle in a New Jersey accident; they assume that New York law requires physical *800 contact (see, Insurance Law § 5217; Matter of Smith [Great Am. Ins. Co.], 29 NY2d 116), but New Jersey law does not (NJ Stat Annot §§ 17:28-1.1, 39:6-76; Perez v American Bankers Ins. Co., 81 NJ 415, 409 A2d 269).
We are, however, precluded by the established facts of this case from reaching that issue. Under both New York and New Jersey law, some involvement of another vehicle is a prerequisite to uninsured motorist coverage. But here, there is an affirmed finding supported by the record that "there was no evidence of involvement by any vehicle other than the one being operated by the claimant and no evidence of any contact with any other vehicle.” Thus, the result is the same whether New York or New Jersey law applies.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order affirmed, etc.