OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to defendant, by declaring that plaintiff is not entitled to recover under his underinsured motorist endorsement and otherwise affirmed.
Plaintiff purchased an automobile insurance policy with a policy limit of $10,000 for bodily injury for any one person injured in an accident involving plaintiff’s automobile. In addition to purchasing this basic coverage, plaintiff paid a $1 premium for an endorsement that permitted recovery in the event that plaintiff was injured in an accident with a "under-insured motor vehicle,” a term defined as a motor vehicle which is covered by insurance but has a "limit for bodily injury liability [that] is less than the limit of liability for this [plaintiff’s] coverage.”*
*953 Plaintiff filed a claim under this underinsured motorist endorsement after having allegedly sustained injuries in excess of $20,000 in an accident with another vehicle, which had an insurance policy with a $10,000 limit for bodily injury. When defendant insurance company denied the claim, plaintiff commenced the present lawsuit for a judgment declaring him entitled to coverage. On defendant’s motion, Supreme Court dismissed the complaint for failure to state a cause of action (see, CPLR 3211 [a] [7]) on the ground that, under the plain terms of plaintiff’s policy, the underinsured motorist coverage was unavailable where the insurance policy limits of the offending vehicle were not less than the limits of plaintiff’s own coverage. The Appellate Division affirmed, and plaintiff now appeals by permission of this court.
We agree that plaintiff is not entitled to recover under the terms of his underinsured motorist endorsement. The coverage provided by that endorsement is definitionally not available where, as here, the policy limits of the insured’s vehicle do not exceed the policy limits of the other vehicle or vehicles involved in the injury-causing accident. While it is true that a person who has purchased a policy with a $10,000 limit for bodily injury may never have occasion to recover under an underinsured motorist endorsement such as the one at issue here, that circumstance alone does not justify an interpretation of the underinsurance clause that would create an entirely different form of supplementary coverage than that defined by the Legislature in the State’s Insurance Law (see, Insurance Law § 3420 [f] [2]; see also, Breed v Insurance Co., 46 NY2d 351, 355 [equitable considerations will not allow an extension of coverage beyond the policy’s meaning]). Nor does Matter of United Community Ins. Co. v Mucatel (127 Misc 2d 1045, affd 119 AD2d 1017, affd 69 NY2d 777) compel a contrary result. That case concerned an ambiguity that existed because of a discrepancy between two specific terms within the underinsured motorist endorsement, one of which called for $25,000 in coverage and the other of which provided for an offset that, as a practical matter, limited the available maximum recovery to $15,000 in every case. We affirmed the *954 decision of the Supreme Court, which had resolved the ambiguity in the provisions governing the amount of coverage by refusing to give effect to the offset clause. Here, in contrast, we are not faced with uncertainty over the amount to be recovered in a situation admittedly covered by an underinsurance policy provision. Rather, the issue here is whether underinsurance coverage is applicable inasmuch as the contractual prerequisites for recovery under such a clause have not been satisfied. We decline to extend the rationale in Mucatel to this very different case, where the disputed clause concerns not the amount to be recovered in an admittedly covered situation, but rather whether the coverage is contracted for at all under the Insurance Law.
Finally, although the courts below correctly disposed of the merits of plaintiff’s claim, they erred in the form of the remedy they selected. As was noted in Lanza v Wagner (11 NY2d 317, 334), when a court resolves the merits of a declaratory judgment action against the plaintiff, the proper course is not to dismiss the complaint, but rather to issue a declaration in favor of the defendants (see also, Siegel, NY Prac § 440). Accordingly, the order from which plaintiff appeals must be modified to include a declaration that plaintiff is not entitled to recover on his underinsured motorist claim.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order modified, with costs to defendant, in accordance with the memorandum herein and, as so modified, affirmed.

 The language of this endorsement parallels the language of Insurance Law § 3420 (f) (2), which provides: "Any * * * policy shall, at the option of *953 the insured, also provide supplementary uninsured motorist insurance for bodily injury * * *. [Such] insurance shall provide coverage * * * if the limits of liability under all bodily injury liability bonds and insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy.”