■ BRIAN HALEY, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 4, 1989 in Ulster County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

On August 10, 1986, plaintiff was a passenger in his own vehicle which was being operated by Russell Zurawell when it was involved in a one-car accident. Thereafter, plaintiff commenced an action against Zurawell to recover damages for injuries sustained in the accident. After issue was joined, the action was settled pursuant to a stipulation which provided that defendant herein, which was plaintiff's liability carrier, was to pay $100,000, which was the limit of bodily injury

liability under the terms of the policy, and Zurawell's insurer was to pay $10,000 as an excess insurer.*

Subsequent to the execution of the settlement stipulation, plaintiff commenced this action for a declaratory judgment seeking additional coverage under the uninsured/underinsured endorsement contained in the policy issued to him by defendant. Supreme Court, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Insurance Law § 3420 (f) (2) provides that supplementary uninsured motorist insurance "shall provide coverage * * * if the limits of liability under all bodily injury liability * * * insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy". Here, the applicable definitional provisions of the subject insurance policy reflect this statutory provision. As noted by Supreme Court, "[t]here is here no other motor vehicle liable for damages"; thus, there can be no recovery for uninsured/underinsured coverage *(see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951; *see also, Matter of Metropolitan Prop. & Liab. Ins. Co. v Falkovitz,* 73 NY2d 798, 800). Despite this correct conclusion, Supreme Court failed to make the necessary declaration of the parties' rights, so that we must modify the order by issuing a declaration in defendant's favor *(see, supra,* at 954).

Order modified, on the law, without costs, by reversing so much thereof as dismissed the complaint; it is declared that the subject insurance policy provides no uninsured/underinsured coverage by defendant for plaintiff with regard to the claim arising on August 10, 1986; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.

* The stipulation in the record reflects that Zurawell's carrier was defendant. This apparently is an error and we read the stipulation in accordance with the facts.