■ In the Matter of KEMPER INSURANCE COMPANIES, Appellant, v ZHANNA AZAYEVA, Respondent. [736 NYS2d 893] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated September 21, 2001, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

The respondent and two other passengers were injured when their car collided with a stationary object after the driver lost control. No other car was involved in the accident. The petitioner, which insured the car, paid the limits of the bodily injury liability coverage to all three injured passengers. However, the respondent demanded arbitration in an effort to collect supplementary underinsured motorist benefits pursuant to a provision of the same policy issued by the petitioner. The petitioner commenced this proceeding to permanently stay arbitration.

Insurance Law § 3420 (f) (2) provides for supplementary underinsured motorist benefits "if the limits of liability under all bodily injury liability * * * insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy" (see also, 11 NYCRR 60-2.1 [a]). The definition of an underinsured motor vehicle in the petitioner's insurance policy, which reflects the language of the Insurance Law, provides that the supplementary underinsured motorist coverage applies only when another, offending vehicle is inadequately insured to cover an injured claimant's loss. Since there was no other motor vehicle involved in the accident, the respondent may not recover supplementary underinsured motorist benefits under the petitioner's policy (see, Matter of Metropolitan Prop. & Liab. Ins. Co. v Falkovitz, 73 NY2d 798; Haley v State Farm Mut. Auto. Ins. Co., 162 AD2d 904). Accordingly, the Supreme Court erred in denying the petition. Florio, J.P., S. Miller, Friedmann, Adams and Prudenti, JJ., concur.