■ Pavarini Construction Co., Inc., et al., Appellants, v Continental Insurance Co. et al., Respondents. [759 NYS2d 56] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 15, 2001, which, in this action for a declaration that defendant insurers are obligated to pay defense costs and indemnify plaintiff in connection with claims raised in an arbitration proceeding, inter alia, declared in various defendants' favor and granted defendants' motions pursuant to CPLR 3211 or 3212 to dismiss the complaint, unanimously affirmed, with costs.

The policy exclusions relied upon by the primary insurers were applicable and excused the insurers from defending and indemnifying in the underlying arbitration proceeding. The damages to waterproofing, caulking and expansion joint work were said to be caused by the "volumetric expansion and contraction" of concrete components installed by plaintiff Blakeslee, and were thus attributable to an operation performed by a "subcontractor working directly or indirectly on [plaintiff general contractor Pavarini's] behalf" and, as such, excluded from coverage pursuant to exclusion j (5) of the

subject policies. Also excluded from coverage were damages to "impaired property," such as the leak-prone parking garage, since they were said to arise out of defective work by Pavarini, and thus fell within the scope of exclusion m (1) of the subject policies. While Pavarini claims that the damages sustained by its client were not attributable to its work but rather that of its subcontractor, Blakeslee, the claim, even if factually accurate, is without significance respecting the applicability of exclusion m (1). As general contractor, Pavarini was responsible for the entire project and all work done by Pavarini's subcontractor was done on Pavarini's behalf (see *Basil Dev. Corp. v General Acc. Ins. Co.*, 89 NY2d 1057 [1997]).

Finally, Pavarini's contention that its client's damages arose from "continuous or repeated exposure to substantially the same harmful conditions" and thus resulted from an "occurrence" not within the scope of the cited exclusions, must be rejected. The claim of Pavarini's client in the arbitration was essentially for breach of contract and, as we have observed, a contract default under a construction contract is not to be equated with an "accident, including continuous or repeated exposure to substantially the same general harmful conditions" under the subject policies (see *George A. Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255, 259-260 [1994], *lv denied* 84 NY2d 806 [1994]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Andrias, Sullivan, Rosenberger and Wallach, JJ.