■ LARRY BALL et al., Appellants, v CITY OF SYRACUSE, Respondent. [810 NYS2d 710]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (James W. McCarthy, A.J.), entered February 7, 2005 in a declaratory judgment action. The judgment, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing the complaint and granting judgment in favor of defendant as follows: "It is ADJUDGED and DECLARED that section 8-112 (2) of the Charter of the City of Syracuse is not unconstitutional as applied to plaintiffs and as modified the judgment is affirmed without costs."

Memorandum: Plaintiffs commenced this action seeking judg-

ment declaring that section 8-112 (2) of the Charter of the City of Syracuse (Charter) is unconstitutional as applied to them. Supreme Court, inter alia, granted defendant's cross motion and dismissed the complaint. Although the court properly determined that plaintiffs are not entitled to the relief sought, the court erred in determining that plaintiffs' motion for summary judgment was premature based solely on the fact that issue has not been joined (*see* CPLR 3211 [c]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]). We conclude that the court should have treated defendant's motion to dismiss as one for summary judgment pursuant to CPLR 3211 (c) in view of the fact that the parties had charted a summary judgment course (*see Four Seasons Hotels*, 127 AD2d at 320; *cf. Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]). Indeed, as noted, plaintiffs themselves moved for summary judgment. Plaintiffs failed to establish that defendant applied that section of the Charter " 'with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances' " (*303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 693; *see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631 [2004]; *Masi Mgt. v Town of Ogden* [appeal No. 3], 273 AD2d 837, 838 [2000]). We further conclude in any event that dismissal of the complaint is not an appropriate remedy in a declaratory judgment action (*see generally Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]). Rather, we conclude that defendant is entitled to judgment declaring that section 8-112 (2) of the Charter is not unconstitutional as applied to plaintiffs. We therefore modify the judgment accordingly. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.