■ LCM Holdings GP, LLC, et al., Respondents, v Laurent Imbert, Appellant. [980 NYS2d 45]—

Order, Supreme Court, New York County (Jeffery K. Oing, J.), entered on or about November 19, 2012, which denied defendant's motion to dismiss or, in the alternative for summary judgment, as to plaintiffs' fourth cause of action for a declaration that defendant is required to sell his shares in the LLC to plaintiffs, unanimously reversed, on the law, without costs, the motion for summary judgment granted, and it is declared that defendant continues to own his shares in the subject LLC and is not required to sell his shares in the LLC to plaintiffs.

The parties' rights vis-à-vis each other as members of a Delaware LLC are defined by the operating agreement (*Elf Atochem N. Am., Inc. v Jaffari*, 727 A2d 286, 291 [Del 1999]). Here, the agreement lacks any indication that plaintiffs could compel the sale of defendant's membership interests. Defendant was a manager and an employee of plaintiffs. Plaintiffs rely on section 10.03 of the agreement which allows them to compel the sale of the membership interest upon the termination of the employment of "an employee *other than a Manager*" (emphasis added). It is undisputed that defendant was a manager at the time of his termination. Thus, under the plain language of the agreement, 10.03 is inapplicable to defendant (*see Playtex FP, Inc. v Columbia Cas. Co.*, 622 A2d 1074, 1076 [Del Super Ct 1992]). Moreover, plaintiffs' reading deprives the phrase "other than a Manager" of any effect, a result that is contrary to Delaware

law (*Elliott Assoc., L.P. v Avatex Corp.*, 715 A2d 843, 854 [Del 1998] [law favors interpretation that gives effect to all terms of contract]).

Finally, where, as here, the merits of the declaratory judgment claim are resolved on the merits, the proper course is to issue a declaration in defendant's favor, not dismissal (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]). Concur—Mazzarelli, J.P., Acosta, Saxe and Moskowitz, JJ.