◼ Eurotech Construction Corp., Appellant, v QBE Insurance Corp., Respondent. [26 NYS3d 703]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered January 30, 2015, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to declare that defendant has no duty to defend or indemnify plaintiff in the underlying action, and, as so modified, affirmed, without costs.

The claims asserted against plaintiff in the underlying action arise from damage to plaintiff's own work product, i.e., the installation of defective fire stops and the failure to install wooden sub-flooring. There are no allegations in any of the underlying pleadings that plaintiff caused damage aside from or beyond its own work. Damage to an insured's own work or product does not constitute "property damage" caused by an "occurrence" within the meaning of the policy (*George A. Fuller Co. v United States Fid. & Guar. Co.*, 200 AD2d 255, 259-260 [1st Dept 1994], *lv denied* 84 NY2d 806 [1994]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Turner Constr. Co.*, 119 AD3d 103, 107 [1st Dept 2014]).

The underlying allegations also fall squarely within the "business risk" exclusions of the policy, most pertinently, exclusions 2 (j) (5) and (6), which have been held to bar coverage for damage to property resulting from the contractor's work (*see Fuller*, 200 AD2d at 260; *Pavarini Constr. Co. v Continental Ins. Co.*, 304 AD2d 501 [1st Dept 2003]).

While the motion court correctly determined the merits of the complaint in this declaratory judgment action, rather than dismissing the complaint, it should have made a declaration in defendant's favor (*Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.