# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**448**

**CA 15-01764**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

ERIC WHITE AND NATIVE OUTLET,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

ERIC T. SCHNEIDERMAN, NEW YORK STATE ATTORNEY
GENERAL, IN HIS OFFICIAL CAPACITY, AND THOMAS H.
MATTOX, COMMISSIONER, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, IN HIS OFFICIAL CAPACITY,
DEFENDANTS-RESPONDENTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (PAUL J. CAMBRIA, JR., OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered March 12,
2015. The judgment granted the cross motion of defendants to dismiss
plaintiffs' complaint and dismissed as moot the motion of plaintiffs
for a preliminary injunction.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reinstating the complaint to the
extent that it seeks a declaration and granting judgment in favor of
defendants as follows:

It is ADJUDGED AND DECLARED that Tax Law § 471 is not
inconsistent with Indian Law § 6, the Treaty of 1842 (7 US
Stat 586), or the Due Process or Commerce Clauses of the
United States Constitution,

and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this declaratory judgment
action, alleging that the enactment and enforcement of Tax Law § 471,
which imposes requirements on plaintiffs to pre-pay the amount of the
tax to be assessed on the sale of cigarettes to non-Indians and non-
members of the Seneca Nation (collectively, non-Indians), violates
Indian Law § 6 and certain treaties between the Seneca Nation and the
United States of America, particularly the Treaty of 1842 (7 US Stat
586). Plaintiffs sought a preliminary injunction enjoining
enforcement of the Tax Law, and Supreme Court granted defendants'

cross motion pursuant to CPLR 3211 (a) (7) and dismissed the complaint.  Because the complaint seeks a declaration, the court erred in dismissing the complaint in its entirety and in failing to declare the rights of the parties (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954).  We therefore modify the judgment accordingly.

Plaintiffs contend that we erred in determining in *Matter of New York State Dept. of Taxation & Fin. v Bramhall* (235 AD2d 75, *appeal dismissed* 91 NY2d 849) that the Treaty of 1842 and Indian Law § 6 bar the taxation of reservation land, but do not bar the imposition of, inter alia, "sales taxes on cigarettes . . . sold to non-Indians on the Seneca Nation's reservations" (*id.* at 85), and request that we reconsider our determination.  We adhere to our determination in *Bramhall.*

The Treaty of 1842, which provided, inter alia, that the Seneca Nation would retain the Allegany and Cattaraugus reservations, stated at article ninth that "[t]he parties to this compact mutually agree to solicit the influence of the Government of the United States to protect *such lands* of the Seneca Indians, within the State of New York, . . . *from all taxes,* and assessments for roads, highways, or any other purpose until such lands shall be sold and conveyed by the said Indians, and the possession thereof shall have been relinquished by them" (7 US Stat 586, 590 [emphasis added]).  We conclude that the plain language of that treaty supports our determination that it prohibited the state from imposing taxes on the "lands" (*id.*), i.e., the real property, of the Seneca Nation.

Indian Law § 6, entitled "Exemption of reservation lands from taxation," states that "[n]o taxes shall be assessed, for any purpose whatever, upon any Indian reservation in this state, so long as the land of such reservation shall remain the property of the nation, tribe or band occupying the same."  That section has remained unchanged since 1909 (L 1909, ch 31), and it cites to, inter alia, chapter 45 of the Laws of 1857 as the source of the legislation, and to *Fellows v Denniston* (23 NY 420, *revd sub nom. The New York Indians*, 72 US 761).  Chapter 45 of the Laws of 1857, entitled "An Act to relieve the Seneca nation of Indians from certain taxes on the Allegany and Cattaraugus reservations" required, inter alia, that, parcels or lots that were sold by the comptroller for taxes were to be released "by the State to the Seneca nation of Indians residing on said reservation" (L 1857, ch 45, § 1), and that "[n]o tax shall hereafter be assessed or imposed on either of said reservations, or any part thereof, for any purposes whatever, so long as said reservations remain the property of the Seneca nation; and all acts of the legislature of this State conflicting with the provisions of this section[] are hereby repealed" (L 1857, ch 45, § 4).  The Supreme Court determined in *The New York Indians* (72 US at 770-772) that the State was without authority to impose taxes on real property to defray the costs of building and repairing roads and bridges.  Thus, even construing the statute liberally in favor of the Indians, as we must (*see County of Yakima v Confederated Tribes & Bands of Yakima Indian Nation*, 502 US 251, 269), we conclude that the statutory history of

Indian Law § 6 supports our determination in *Bramhall*, and that the limiting language in the title of the section "effectuate[s] the legislative intent" (McKinney's Cons Laws of NY, Book 1, Statutes § 94, Comment at 194), i.e., that Indian Law § 6 was enacted to bar taxes on real property that was part of an Indian nation, tribe or band.

Even assuming, arguendo, that we have interpreted the language of the Treaty of 1842 and Indian Law § 6 too narrowly, we nevertheless conclude that the court properly agreed with defendants that plaintiffs are not entitled to the declaratory relief they seek.  It is well established that "the States have a valid interest in ensuring compliance with lawful taxes that might easily be evaded through purchases of tax-exempt cigarettes on reservations . . . States may impose on reservation retailers minimal burdens reasonably tailored to the collection of valid taxes from non-Indians" (*Department of Taxation & Fin. of N.Y. v Milhelm Attea & Bros., Inc.*, 512 US 61, 73). Although plaintiffs are obligated to pay the amount due as tax from non-Indians who have the tax liability, and from whom the amount is collected at the time of the sale, "this burden is not, strictly speaking, a tax at all" (*Moe v Confederated Salish & Kootenai Tribes of Flathead Reservation*, 425 US 463, 483).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court