■ Law Offices of Zachary R. Greenhill, P.C., et al., Appellants, v Liberty Insurance Underwriters, Inc., et al., Respondents. [46 NYS3d 105]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered January 15, 2016, which denied plaintiffs' motion for summary judgment dismissing the first and second affirmative defenses and directing an immediate trial of their defense costs in the underlying action, and granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' motion as to the tenth cause of action and to declare, upon that cause of action, that defendants had no duty to defend plaintiffs against counterclaims asserted in the underlying action, and otherwise affirmed, without costs.

Plaintiffs, an attorney and his law firm, seek a declaration that defendants, which issued a lawyers professional liability insurance policy, were required to provide a defense and pay for all defense costs incurred in connection with counterclaims asserted against the individual plaintiff (Greenhill) and his wife (together, the Greenhills) in the underlying contract action. In that action, the Greenhills sued the Dwight School (Dwight), its owner, and the Dwight School in China LLC (Dwight China) in connection with the Greenhills' involvement in setting up a venture in China to provide a Chinese-American joint high school curriculum and dual diploma program for students in Chinese high schools. The Greenhills alleged that they were "senior managers" of a program entered into between Dwight and a school in China in March 2008 and that Greenhill was president and chief operating officer of Dwight China, which was formed in May 2009. They sought to enforce a consulting agreement that they entered into with Dwight China.

Dwight, its owner, and Dwight China asserted two counterclaims against Greenhill that were based on allegations that he had an attorney-client relationship with Dwight, its owner, and Dwight China. One alleged that Greenhill breached his fiduciary duty to Dwight, its owner, and Dwight China, particularly with respect to negotiation and enforcement of the consulting agreement; the other alleged that in the summer of 2009 Greenhill fraudulently misrepresented that he had provided legal services to Dwight in connection with its educational partnership in China.

As we observed in a prior appeal in this case, the lawyers professional liability insurance policy excluded coverage "where the attorney is serving two masters: his client and himself" (*Law Offs. of Zachary R. Greenhill P.C. v Liberty Ins. Under-*

*writers, Inc.*, 128 AD3d 556, 560 [1st Dept 2015]). Thus, coverage was excluded for any claims "arising out of" Greenhill's "services and/or capacity as . . . an officer, director, partner, . . . or employee of an organization other than that of the name insured" (the Capacity Exclusion) and for any claims that "result[ed] from" legal services that Greenhill provided to an organization (defined as "any . . . business enterprise") in which he and his wife had an equity interest of 10% or more (the Equity Interests Exclusion).

Neither the pleadings in the underlying action nor any evidence in the record establishes that the Greenhills ever actually held interests in Dwight China, although the parties had agreed that they would. However, it is clear from the pleadings in the underlying action and this action (*see Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 NY2d 621, 635 [1997]) that the allegations in the counterclaims bring plaintiffs' claims under the policy "solely and entirely" within the Capacity Exclusion, since they arise out of Greenhill's capacity as the president and CEO of Dwight China and senior manager and partner in the program formed in China (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]).

We modify the motion court's order only to reinstate the cause of action for a declaratory judgment and to declare in defendants' favor (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Moskowitz, Kapnick and Kahn, JJ.