Carfax, Inc. v Illinois Natl. Ins. Co. (2018 NY Slip Op 01409)





Carfax, Inc. v Illinois Natl. Ins. Co.


2018 NY Slip Op 01409


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5877 655198/16

[*1]Carfax, Inc., Plaintiff-Appellant,
v
Illinois National Insurance Company, Defendant-Respondent.


Blank Rome LLP, New York (James R. Murray of counsel), for appellant.
Carlton Fields Jorden Burt, P.A., New York (J. Robert MacAneney of counsel), and Maddin, Hauser, Roth & Heller P.C., Southfield, MI (Harvey R. Heller of the bar of the State of Michigan, admitted pro hac vice, of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Marcy S. Friedman, J.), entered May 30, 2017, granting defendant's motion to dismiss the complaint and for a declaration that it does not have a duty to defend plaintiff in the underlying federal antitrust lawsuit, and so declaring, unanimously modified, on the law, to vacate the dismissal of the complaint, and deny defendant's motion to dismiss, and otherwise affirmed, without costs.
The policy issued to plaintiff by defendant covers loss "resulting from a Claim alleging a Wrongful Act." "Wrongful Act" is defined as "any act, error, omission, ... misstatement or misleading statement by an Insured ... that results solely in ... defamation, libel, slander, product disparagement or trade libel or other tort related to disparagement or harm to character or reputation; including, without limitation, unfair competition" (emphasis added). The policy contains an exclusion from coverage for claims alleging antitrust violations.
The underlying lawsuit alleges, broadly, that plaintiff acquired and maintained its 90% market share of VHR (vehicle history report) sales by engaging in an anticompetitive scheme. Plaintiff contends that defendant owes it a defense in the suit because the suit alleges disparagement. It relies on the following allegations: "By contractually committing these two websites to include hyperlinks to Carfax VHRs and to exclude VHRs of any other provider, Carfax has stigmatized any listing without such a link in the eyes of consumers who infer that the absence means that the car has a blemished history." "Carfax also utilizes its inflated revenues to disparage and falsely malign dealers in order to mislead consumers into believing its VHRs are necessary and accurate."
These passing references to disparagement do not allege a "Wrongful Act." They were made "only in the context of the anti-trust claims, i.e. , as legal jargon pertinent to anti-trust and not as a means of even arguably alleging a separate claim for libel, slander or product disparagement" (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Alticor, Inc. , 2005 WL 2206461, *3, 2005 US Dist LEXIS 29833, *9 [WD Mich 2005], affd 2007 WL 273339, 2007 US App LEXIS 22585 [6th Cir 2007]). In any event, coverage under the policy is barred by the antitrust exclusion, and the exceptions thereto are inapplicable.
We modify solely to vacate the dismissal of the complaint and deny defendant's motion [*2]to dismiss (see Maurizzio v Lumbermens Mut. Cas. Co. , 73 NY2d 951 [1989]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK