Matter of Watertown Professional Firefighters' Assn., Local 191 v City of Watertown (2020 NY Slip Op 06898)





Matter of Watertown Professional Firefighters' Assn., Local 191 v City of Watertown


2020 NY Slip Op 06898


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


840 CA 19-01671

[*1]IN THE MATTER OF WATERTOWN PROFESSIONAL FIREFIGHTERS' ASSOCIATION, LOCAL 191, PETITIONER-APPELLANT-RESPONDENT,
v
CITY OF WATERTOWN, RESPONDENT-RESPONDENT-APPELLANT. 






BLITMAN & KING LLP, SYRACUSE (NATHANIEL G. LAMBRIGHT OF COUNSEL), FOR PETITIONER-APPELLANT-RESPONDENT. 
SLYE LAW OFFICES, P.C., WATERTOWN (ROBERT J. SLYE OF COUNSEL), FOR RESPONDENT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Jefferson County (James P. McClusky, J.), entered August 1, 2019 in a proceeding pursuant to CPLR article 78. The judgment declared that respondent is prohibited from appointing firefighters to acting captain positions except in legitimate emergency situations. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting judgment in favor of respondent as follows:
It is ADJUDGED AND DECLARED that respondent is not prohibited from assigning fire captains to municipal training officer duties,
and as modified the judgment is affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding, which was later converted into a declaratory judgment action, seeking to restrain respondent (City) from assigning a fire captain to municipal training officer (MTO) duties and firefighters to ride in the right front seat of the fire department's rescue vehicle and to perform certain alleged captain duties associated therewith. Petitioner argued that such assignments were out-of-title work and therefore violations of Civil Service Law § 61 (2). We conclude that Supreme Court, for reasons stated in its decision, properly determined that the fire captain was not assigned out-of-title work, but that the firefighters were assigned out-of-title work. Thus, the court properly declared that the City was prohibited from appointing firefighters to acting captain positions except in legitimate emergency situations. We add only that the court failed to declare the rights of the parties with respect to the MTO duties performed by the fire captain, and we therefore modify the judgment by making the requisite declaration (see Skalyo v Laurel Park Condominium Bd. of Mgrs., 147 AD3d 1358, 1358 [4th Dept 2017]; see generally Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 953 [1989]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court