Napoli Shkolnik, PLLC v Greenwich Ins. Co. (2021 NY Slip Op 02499)





Napoli Shkolnik, PLLC v Greenwich Ins. Co.


2021 NY Slip Op 02499


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 657246/19 Appeal No. 13684 Case No. 2020-04201 

[*1]Napoli Shkolnik, PLLC, Plaintiff-Appellant,
v
Greenwich Insurance Company et al., Defendants-Respondents, Ironshore Specialty Insurance Co., Defendant.


Offit Kurman, P.A., New York (Daniel I. Goldberg and Meghan Finnerty of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for appellant.
Mound Cotton Wollan & Greengrass LLP, New York (Sanjit Shah of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 18, 2020, which, to the extent appealed from, granted defendants Greenwich Insurance Company and Hudson Excess Insurance Company's motion to dismiss the complaint based on documentary evidence and denied plaintiff's cross motion for leave to amend the complaint to name an additional plaintiff, unanimously modified, on the law, solely to declare that defendants Greenwich Insurance Company and Hudson Excess Insurance Company have no duty to defend or indemnify plaintiff with respect to the action brought against it by the Keyes Law Firm, LLC (Keyes), and otherwise affirmed, without costs.
Plaintiff claims that under the terms of its professional liability insurance policies, defendants were required to defend and indemnify it in a federal action brought against it and related law firms and attorneys by Keyes. Keyes asserted causes of action for an accounting, declaratory judgment, breach of contract, unjust enrichment, a constructive trust, and negligence, seeking to recover contingency fees withheld in violation of fee-sharing joint representation agreements between Keyes and plaintiff's predecessor firm, Napoli Bern Ripka Shkolnik, LLP (NBRS). Keyes' negligence cause of action was premised on alleged false representations made by Napoli, Bern, and NBRS to Keyes.
Review of the complaints in Keyes action and the relevant policies reveals that there was no possible factual or legal basis on which Greenwich Insurance Company and Hudson Excess Insurance Company could have eventually been obligated to indemnify plaintiff in the Keyes action (see Atlantic Mut. Ins. Co. v Terk Tech. Corp., 309 AD2d 22 [1st Dept 2003]; see also Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]; Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 443 [2002]). The Keyes action was premised on actions taken by plaintiff as a business, not in its professional capacity as a law firm. To the extent that the first and second amended complaints alleged that plaintiff committed malpractice or fraud in its handling of clients' cases, those "shotgun" allegations were insufficient as no cause of action was premised on those facts (see Atlantic Mut. Ins. Co., 309 AD2d at 22). Although the first and second amended complaint asserted a negligence cause of action, that theory of recovery was not based on the allegations relating to malpractice or fraud. Because the declaratory action was resolved on the merits, the proper course was to declare in favor of defendants, not dismiss (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021