Technology Ins. Co. v First Mercury Ins. Co. (2021 NY Slip Op 03128)





Technology Ins. Co. v First Mercury Ins. Co.


2021 NY Slip Op 03128


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 160472/17 Appeal No. 13836 Case No. 2020-01240 

[*1]Technology Insurance Company, et al., Plaintiffs-Appellants,
v
First Mercury Insurance Company, Defendant-Respondent.


Hurwitz & Fine, P.C., Buffalo (Dan D. Kohane of counsel), for appellants.
Kennedys CMK LLP, New York (Kristin V. Gallagher of counsel), for respondent.



Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered on or about January 10, 2020, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for summary judgment, unanimously modified, on the law, to declare that defendant is not obligated to defend and indemnify plaintiff P&R Equities, Inc. in the underlying personal injury action or to reimburse plaintiff Technology Insurance Company for its defense and settlement costs in connection with the underlying action, and otherwise affirmed, without costs.
Summary judgment was properly granted to defendant. The settlement paid by the insurer left "the insured[] with no actual interest in the case and ma[de]. . .[plaintiff] insurer[] the real party in interest" (George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA, 92 AD3d 104, 118 [1st Dept 2012]). Accordingly, "the argument that [defendant]'s disclaimer was invalid under Insurance Law § 3420(d) [is] unavailing, since the protections of. . .§ 3420(d) [are] inapplicable to one insurer's claim for reimbursement from another insurer" (id. [internal quotation marks omitted]; see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 92-93 [1st Dept 2005]). To the extent plaintiff insured seeks a declaration that defendant is obligated to defend and indemnify it, the settlement has rendered the additional insured's claims moot (see Amherst & Clarence Ins. Co. v Cazenovia Tavern, 59 NY2d 983, 984 [1983]). Furthermore, plaintiffs do not contest that the asserted exclusion, barring coverage for bodily injury to any employee of any insured, applies to the facts of the underlying action.
Where, as here, a declaratory action is resolved on the merits in defendant's favor, the proper course is to declare in defendant's favor (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021