Art Works, Inc. v Al-Hadid (2022 NY Slip Op 05585)

Art Works, Inc. v Al-Hadid

2022 NY Slip Op 05585

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 651267/21 Appeal No. 16355 Case No. 2022-02475 

[*1]Art Works, Inc., Plaintiff-Appellant,
v
Diana Al-Hadid, Defendant-Respondent.

Olsoff Cahill Cossu LLP, New York (Paul S. Cossu of counsel), for appellant.
Mazzola Lindstrom LLP, New York (Richard E. Lerner of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about May 11, 2022, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), declared that plaintiff had no ownership interest in the artwork at issue, and awarded attorneys' fees to defendant, unanimously affirmed, with costs.
As the motion court was able to resolve the merits in favor of defendant due to the unambiguous contractual language of the parties' agreement, it was proper for the court to issue a declaration in defendant's favor (Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]). The parties' agreement was a consignment agreement, and did not transfer an ownership interest or title in the sculpture to plaintiff. Contrary to plaintiff's contention, the contract's silence on the conveyance of ownership rights or title did not "create an ambiguity which opens the door to the admissibility of extrinsic evidence to determine the intent of the parties" (Greenfield v Philles Records, 98 NY2d 562, 570 [2002]). Similarly, plaintiffs post-contractual extrinsic evidence was not admissible to create an ambiguity in the agreement (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]).
New York's Arts and Cultural Affairs Law provided further support for the court's interpretation of the agreement. Under Section 12.01 of the Arts and Cultural Affairs Law, "[w]henever an artist . . . delivers or causes to be delivered a work of fine art . . . the delivery to and acceptance thereof by the art merchant establishes a consignor/consignee relationship" (Arts and Cultural Affairs Law § 12.01 [1] [a]). Further, "such trust property . . . shall be considered property held in statutory trust, and no such trust property . . . shall become the property of the consignee" (id. § 12.01 [1] [a] [v]; see also Scher v Stendhal Gallery, Inc., 117 AD3d 146, 157-158 [1st Dept 2014]). Here, the agreement laid out the type of consignment relationship contemplated by the Arts and Cultural Affairs Law: plaintiff was to be defendant's exclusive agent for the sale of the sculptures for the duration of the agreement, with plaintiff having the authority to execute bills of sale on behalf of defendant.
The court properly dismissed plaintiff's claim for anticipatory breach of the agreement. Plaintiff's authority to sell the sculpture expired upon the termination of the agreement. As the sculpture remained unsold on the date of termination, plaintiff never became entitled to the sales proceeds. The complaint did not allege that any portion of the agreement was repudiated by defendant before the fixed time for performance arrived (Kaplan v Madison Park Group Owners, LLC, 94 AD3d 616, 619 [1st Dept 2012], lv dismissed 19 NY3d 1012 [2012], lv denied 20 NY3d 858 [2013]). Further, as the court concluded, any claim for breach of the agreement was time-barred. Once a contract comes to an end, the statute of limitations begins to run (Rachmani Corp. v 9 E. 96th [*2]St. Apt. Corp., 211 AD2d 262, 267 [1st Dept 1995]). Here, the agreement terminated in February 2012, but plaintiff waited nine years to sue. As plaintiff did not allege that the agreement was extended or modified, the court properly held that the claim for anticipatory breach of the agreement was time-barred.
Plaintiff's claim for anticipatory breach of the settlement agreement was also properly dismissed. For an anticipatory repudiation to have occurred, the expression of intent not to perform by the repudiator must have been "positive and unequivocal" (Tenavision, Inc. v Neuman, 45 NY2d 145, 150 [1978]). Here, the evidence established that defendant had been attempting to mediate for months, and at no time expressed a "positive and unequivocal" refusal to perform. Further, as defendant prevailed before the motion court, she was entitled to attorneys' fees under the settlement agreement.
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022