Scottsdale Ins. Co. v Mt. Hawley Ins. Co. (2023 NY Slip Op 00641)

Scottsdale Ins. Co. v Mt. Hawley Ins. Co.

2023 NY Slip Op 00641

Decided on February 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 07, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Index No. 650998/19 Appeal No. 17259 Case No. 2021-03723 

[*1]Scottsdale Insurance Company, Plaintiff-Appellant,
v
Mt. Hawley Insurance Company et al., Defendants-Respondents.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Eric D. Suben of counsel), for appellant.
Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for Mt. Hawley Insurance Company, respondent.
Clark & Fox, New York (Michael S. Savett of counsel), for Certain Underwriters at Lloyd's, London, respondent.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered on or about September 20, 2021, which granted defendants Mt. Hawley Insurance Company's (Mt. Hawley) and Certain Underwriters at Lloyd's, London Subscribing to Policy Number ARSV120194's (Lloyd's) motions for summary judgment dismissing the complaint as against them and denied plaintiff Scottsdale Insurance Company's (Scottsdale) cross motion for summary judgment on its claims for contribution, indemnification, and a judgment declaring, among other things, that Scottsdale is entitled to recover $1,000,000 from Lloyd's and $398,076.80 from Mt. Hawley for contributions to Scottsdale's settlement of an underlying action, unanimously modified, on the law, with costs, solely to declare in defendants' favor on the claim for a declaratory judgment, and otherwise affirmed, without costs.
In this insurance coverage dispute, plaintiff Scottsdale seeks reimbursement, from defendants Mt. Hawley and Lloyd's, for a $2 million payment Scottdale contributed to settle an underlying personal injury suit. The court correctly determined that Lloyd's and Mt. Hawley were not obligated to contribute to Scottsdale's settlement of the underlying action. While New York's horizontal exhaustion rule mandates that all primary policies be exhausted before excess coverage is triggered (see Tishman Const. Corp. of N.Y. v Great Am. Ins. Co., 53 AD3d 416, 419 [1st Dept 2008]; Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co., 53 AD3d 140 [1st Dept 2008]), the rules governing priority of coverage are inapplicable here. Since the owner (175 Broadway Hospitality) was entitled to contractual indemnification from the general contractor (Dome) due to a complete pass-through of liability, the excess policy issued to Dome must respond before the primary and excess policies issued to 175 Broadway Hospitality (see Arch Ins. Co. v Nationwide Prop. & Cas. Ins. Co., 175 AD3d 437, 438 [1st Dept 2019]; Indemnity Ins. Co. of N. Am. v St. Paul Mercury Ins. Co., 74 AD3d 21, 26 [1st Dept 2010]).
Additionally, Scottsdale is not entitled to recovery because its right to subrogation has been waived. Dome agreed in its contract with 175 Broadway to "waive[] any right of recovery or subrogation it may have against the Indemnified Parties [175 Broadway] with respect to any injury . . . arising out of this Contract," and Dome's primary policy contained an endorsement "waiv[ing] any right of recovery" against 175 Broadway. Such endorsements are applicable to excess policies that follow form, as did Scottsdale's policy (see Tishman Constr. Corp. of N.Y. v Great Am. Ins. Co., 96 AD3d 494, 495 [1st Dept 2012]).
Because the declaratory action was resolved on the merits, the proper course was not to dismiss the complaint but to declare in favor of defendants (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
We have considered Scottdale's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND [*2]ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 7, 2023