| |
|---|
| **Glowatz v City of New York** |
| 2025 NY Slip Op 31099(U) |
| April 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159914/2023 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | **HON. JEANINE R. JOHNSON** | PART | 52-M |
|---|---|---|---|
| | *Justice* | | |

--------------------------------------------------------------X

JEFFREY GLOWATZ,

|  |  |  |
|---|---|---|
| | | INDEX NO. 159914/2023 |
| | Plaintiff, | MOTION DATE 02/16/2024 |
| | | MOTION SEQ. NO. 001 |

- v -

THE CITY OF NEW YORK, EDWARD A. CABAN, DAWN M.
PINNOCK

**DECISION + ORDER ON
MOTION**

Defendant.

--------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for _____ DISMISSAL _____ .

Upon the foregoing documents and oral argument heard on August 14, 2014, Defendants – The City of New York, Edward A. Caban and Dawn M. Pinnock's (hereinafter, collectively "The City") motion to dismiss the complaint pursuant to CPLR § 3211(a)(5) and (7) is granted in its entirety.

"On a motion to dismiss pursuant to CPLR § 3211(a)(5) on the ground that it is barred by the statute of limitations, a Defendant bears the initial burden of establishing prima facie, that the time in which to sue has expired." *Benn v Benn*, 82 AD 3d 548, 548 (1st Dept 2011) *quoting Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD 3d 815 (2d Dept 2008). "The burden then shifts to the Plaintiff to raise a question of fact as to whether the statute of limitations is inapplicable or whether the action was commenced within the statutory period." *MTGLQ Invs., LP v Wozencraft*, 172 AD 3d 644, 645 (1st Dept 2019) *citing Wilson v Southampton Urgent Med. Care, P.C.*, 112 AD 3d 499 (1st Dept 2013).

"On a motion to dismiss pursuant to CPLR § 3211(a (7), the pleading is to be afforded a liberal construction." *Leon v Martinez*, 84 NY2d 83, 87 (1994). Allegations comprising bare

**159914/2023 GLOWATZ, JEFFREY vs. THE CITY OF NEW YORK ET AL** **Page 1 of 4**
**Motion No. 001**

legal conclusions are not entitled to the same consideration. *See Connaughton v Chipotle Mexican Grill, Inc.,* 29 NY3d 137 (2017) *quoting Simkin v Blank,* 19 NY3d 46 (2012). However, this Court is required to "determine only whether the facts alleged fit within any cognizable legal theory." *Bernberg v Health Mgmt. Sys.,* 303 AD2d 348, *3 (2d Dept 2003).

Article 78

The Court of Appeals states that "those who wish to challenge agency determinations under Article 78 may not do so until they have exhausted their administrative remedies, but once this point has been reached, they must act quickly—within four months—or their claims will be time barred." *Walton v New York State Dep't of Correctional Services*, 8 NY 3d 186, 195 (2007).

The City argues that Plaintiff's claims are time barred because they should have been brought as an Article 78 proceeding, and Plaintiff failed to do so. Def. Aff. p. 4. The City contends that Plaintiff's claims are fundamentally premised upon The City's administrative decisions regarding Plaintiff's employment reinstatement and reasonable accommodation requests, which should have been brought as an Article 78 proceeding. Def. Aff. pp. 4, 6. Plaintiff argues that Article 78 is not applicable because constitutional challenges to legislative enactment may not be raised in an Article 78 proceeding to review an administrative action. Pl. Opp. p. 10.

This Court finds that five of the six counts of relief sought by Plaintiff seek reinstatement. (NYSCEF Doc. No. 1). With the exception of the declaratory relief sought, all of Plaintiff's causes of action seek relief related to the City's determination to deny his reasonable accommodation request, appeal, and non-responsiveness regarding his request for reinstatement. Therefore, this Court finds that Plaintiff's challenges should have been pursued as an Article 78 proceeding, which needed to be done within four months. Plaintiff failed to do so. Thus, Plaintiff's application for declaratory relief regarding reinstatement, religious discrimination,

**159914/2023 GLOWATZ, JEFFREY vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 2 of 4**

2 of 4

[* 2]

constructive discharge, and failure to accommodate on the basis of The City's denial are time-barred.

Declaratory Judgment

CPLR § 3001 states, in relevant part, "the supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed. If the court declines to render such a judgment it shall state its grounds." "The power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal. This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions." *Hearst Corp v Clyne*, 50 NY 2d 707, 713 (1980). "When a court resolves the merits of a declaratory judgment action against the Plaintiff, the proper course is not to dismiss the complaint, but rather to issue a declaration in favor of the Defendants." *Maurizzio v Lumbermens Mut. Casualty Co.*, 73 NY2d 951, 954 (1989).

The City argues that Plaintiff's declaratory demands regarding the vaccine mandate and, The City's to response to Plaintiff's continuous service application and reinstatement are also time barred. Def. Aff. p. 7. Additionally, The City asserts that declaratory relief regarding the mandate is moot because it is now optional. *Id.* Plaintiff argues that this action is not moot because the process to obtain a religious accommodation under the same or similar circumstances has not yet been amended to prevent a similar occurrence in the future and his request for reinstatement involves a present injustice. Pl. Aff. p. 14.

This Court finds that the declaratory relief sought as to the vaccine mandate is moot as it is no longer required, and it has been routinely upheld by various courts. *Deletto v Adams,* 2022 NY Slip Op 33129(U) *10 (Sup Ct, NY County 2022) *citing Broecker v NY City Dept. of Educ.*,

**159914/2023 GLOWATZ, JEFFREY vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**
**Page 3 of 4**

3 of 4

[* 3]

585 F Supp 3d 299 (EDNY 2022); *Garland v NY City Fire Dept.*, 574 F Supp 3d 120 (EDNY 2021). Also, this Court finds Plaintiff's application for declaratory relief as to reinstatement is moot pursuant to the analysis above - it is time-barred. *Hearst Corp* at 713; *See Walsh v Andorn*, 33 NY2d 503 (1974) (Declaratory judgment not entertained because pension claim time barred and courts should not render a determination unless it will serve some useful purpose to parties.)

Accordingly, it is hereby,

ORDERED that a declaration as to count one and two of the Plaintiff's complaint is issued in favor of the Defendants, The City of New York, Edward A. Caban and Dawn M. Pinnock; and it is further

ORDERED that Defendants, The City of New York, Edward A. Caban and Dawn M. Pinnock's motion to dismiss the remaining counts is granted.

This constitutes the Decision and Order of the Court.

HON. JEANINE R. JOHNSON
J.S.C.

__4/03/2025__
DATE

JEANINE R. JOHNSON, J.S.C.

| CHECK ONE: | | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

159914/2023   GLOWATZ, JEFFREY vs. THE CITY OF NEW YORK ET AL          Page 4 of 4
Motion No. 001

4 of 4