Union Springs Cent. Sch. Dist. v Norbut Solar Farms, LLC (2025 NY Slip Op 03443)

Union Springs Cent. Sch. Dist. v Norbut Solar Farms, LLC

2025 NY Slip Op 03443

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

292 CA 24-00830

[*1]UNION SPRINGS CENTRAL SCHOOL DISTRICT, PLAINTIFF-APPELLANT,
v
NORBUT SOLAR FARMS, LLC, NSF AURELIUS SITE 1, LLC, NSF AURELIUS SITE 2, LLC, NSF AURELIUS SITE 3, LLC, NSF AURELIUS SITE 4, LLC, AND NSF ENERGY ONE, LLC, DEFENDANTS-RESPONDENTS. 

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (STACY A. MARRIS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
NIXON PEABODY LLP, ROCHESTER (ERIC M. FERRANTE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Cayuga County (Jon E. Budelmann, A.J.), entered May 21, 2024, in a declaratory judgment action. The order, insofar as appealed from, granted the motion of defendants insofar as it sought to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating the complaint to the extent that it seeks a declaration and granting judgment in favor of defendants as follows:
It is ADJUDGED AND DECLARED that defendants' letter dated February 3, 2022 constituted valid written notification to the highest-ranking official of the taxing jurisdiction pursuant to RPTL 487 (9) (a), and
an It is further ADJUDGED AND DECLARED that no agreement with plaintiff for payment in lieu of taxes is required for defendants' construction of the Aurelius Site 1, LLC; Aurelius Site 2, LLC; Aurelius Site 3, LLC; and Aurelius Site 4, LLC solar energy projects in the Town of Aurelius, New York,
and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking a judgment declaring, inter alia, that defendants' letter dated February 3, 2022 did not constitute valid written notification pursuant to RPTL 487 (9) (a). Plaintiff alleged that the letter failed to comply with the statutory requirement that written notification be "sent to the highest-ranking official of the taxing jurisdiction" because plaintiff's highest-ranking official was Superintendent Dr. Jarrett S. Powers, and defendants' letter was addressed to "Superintendent Dennis." Defendants moved to dismiss the complaint or for a declaration in their favor that no agreement with plaintiff for payment in lieu of taxes is required for construction of the solar energy projects because plaintiff failed to respond to their valid written notification within 60 days as required by the statute (see id.). Plaintiff appeals from an order granting the motion insofar as it sought to dismiss the complaint.
Although a tax exemption statute such as section 487 "is to be construed strictly against the taxpayer, the interpretation should not be so narrow and literal as to defeat its settled purpose" (Engle v Talarico, 33 NY2d 237, 240 [1973]; see People ex rel. Watchtower Bible & Tract Socy. v Haring, 8 NY2d 350, 358 [1960], rearg denied 9 NY2d 688 [1961]). Here, the only inaccuracy identified by plaintiff in the letter is the incorrect surname. Given that there is [*2]no dispute that plaintiff has only one superintendent, a surname would not be necessary to identify the relevant official. Thus, Supreme Court properly determined that the notice was valid because, although it contained a factual inaccuracy, that inaccuracy "did not involve information required under" the statute (Citibank, N.A. v Crick, 176 AD3d 776, 778 [2d Dept 2019]; see generally Real Property Tax Law § 487 [9] [a]).
The court, however, erred in dismissing the complaint and in failing to declare the rights of the parties in this declaratory judgment action (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]; Leo v New York Cent. Mut. Fire Ins. Co., 136 AD3d 1333, 1333 [4th Dept 2016], lv denied 28 NY3d 902 [2016]). We therefore modify the order accordingly.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court